CATHARINE PITT, administratrix, *vs.* BERKSHIRE LIFE INSUR- ANCE COMPANY.

A policy conditioned to be void on failure to pay " any notes or other obligations given for premium," purported to be issued in consideration of a certain sum "in hand paid" and of annual premiums for a like amount. Of the said sum only a part was paid in cash, and for the balance a note was given. The note set forth on its face that, if not paid when due, the policy should be void in accordance with the conditions of the policy. *Held,* that the policy was forfeited by failure to pay this note when due, and that the amount of this note must be deducted from the net value of the policy in determining the premium of temporary insurance under the St. of 1861, c. 186.

A policy terminable by failure " to pay when due any notes or other obligations given for premium," is determined by failure to pay an instalment due on a premium note.

CONTRACT, by the administratrix of Charles Pitt, on a policy of insurance on his life in the sum of $2000 issued by the de- fendants and payable to him at the expiration of twenty years, or, in event of his prior death, to his representatives or assigns. The policy was dated January 15, 1867, and was stated to be in consideration of $86.40 to the defendants " in hand paid and of the annual premium of a like sum to be paid on or before the 15th of January at noon, in every year during the continuance of this policy," " the last to be due and paid January 15, 1886." It was also declared on the face of the policy that the same was issued on this express condition : " In case the said party shall not pay the said annual premium on or before the several days above mentioned for the payment thereof, or shall fail to pay when due any notes or other obligations given for premium, or shall otherwise fail to comply with all or any of the terms of his contract, then, and in every such case, the company shall not be liable to the payment of any sum on account of this policy, and it shall cease and terminate ; excepting that in case

of the nonpayment of the stipulated annual premium, after the payment of three full years' premium, if no other condition of the policy shall have been violated, the party assured shall be entitled to a paid-up policy, of like tenor and conditions, for as many twentieths of the sum herein insured, as he has paid annual premiums : *provided* notice shall be given to the company, and this policy surrendered, within thirty days of such first nonpayment of premium ; otherwise the value of the policy at the time of forfeiture will accrue to the parties concerned, in accordance with ' An act to regulate the forfeiture of policies of life insurance,' enacted by the legislature of Massachusetts in April, A. D. 1861." This act, St. 1861, *c.* 186, is given in the margin.*

Pitt did not pay $86.40 in cash upon the issuing of the policy, but paid only $13.40 in cash, and gave two notes for the bal ance, both dated January 15, 1867 ; by the first of these he

---

* " SECTION 1. No policy of insurance on life, hereafter issued by any company chartered by the authority of this Commonwealth, shall be forfeited or become void by the nonpayment of premium thereon, any further than regards the right of the party insured therein to have it continued in force beyond a certain period, to be determined as follows, to wit : The net value of the policy, when the premium becomes due and is not paid, shall be ascertained, according to the ' combined experience,' or ' actuaries' ' rate of mortality, with interest at four per centum per annum. After deducting from such net value any indebtedness to the company, or notes held by the company against the insured, which notes, if given for premium, shall then be cancelled, four fifths of what remains shall be considered as a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of premium, and the assumptions of mortality and interest aforesaid.

" SECTION 2. If the death of the party occur within the term of temporary insurance covered by the value of the policy, as determined in the previous section, and if no condition of the insurance other than the payment of premium shall have been violated by the insured, the company shall be bound to pay the amount of the policy the same as if there had been no lapse of premium, anything in the policy to the contrary notwithstanding : *provided, however,* that notice of the claim and proof of the death shall be submitted to the company within ninety days after the decease : and *provided, also,* that the company shall have the right to deduct from the amount insured in the policy the amount at six per cent. per annum of the premiums that had been forborne at the time of the death "

promised to pay the defendants or order $40 on demand with interest; and by the second he promised to pay the defendants or order $33, three, six and nine months after date, in equal instalments of $11, with interest, "this sum," as was stated on the face of the note, "being the balance unpaid of the cash premium of policy No. 4776 issued by said company, due as above, and this note is given with the full knowledge and intent on my part, that if it is not paid when due without grace, said policy shall become absolutely null and void in consequence thereof, and in accordance with the conditions of said policy and this agreement, without further notice."

On April 15, 1867, when the first instalment on the second note became due, payment thereof was demanded but not made, and Pitt died May 22, 1867. The net value of the policy on April 15, 1867, was $71.76.

The defendants contended on these facts, which were agreed, that the policy was forfeited by the failure of Pitt to pay the instalment of this note when due, and judgment was given for them in the superior court; the plaintiff appealed.

*C. A. Reed & G. M. Reed,* for the plaintiff. 1. There has been no forfeiture; the policy contains an admission by the company that the first year's premium has been paid; the condition in the policy has no reference to the first year's premium, it relates only to future premiums; and besides, the giving of the notes and the payment of the cash balance was a payment of the first year's premium. *Curtis* v. *Hubbard,* 9 Met. 322. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 170. 2. The note was not due because an instalment was due. *Saunders* v. *McCarthy,* 8 Allen, 42. *Badger* v. *Titcomb,* 15 Pick. 409. *Tucker* v. *Randall,* 2 Mass. 283. *Want* v. *Blunt,* 12 East, 183. *Rudder* v. *Price,* 1 H. Bl. 547. *Sheridan* v. *Phœnix Assurance Co.* El. Bl. & El. 156. *Vinton* v. *King,* 4 Allen, 562, does not reach this case; the marginal note does not accurately state that case, the doctrine was stated too broadly *diverso intuitu;* and the nonpayment of the instalment was such a dishonor of the note as to subject it in a third party's hands to any objections or equities existing against it. *Brown*

v. *Davies,* 3 T. R. 80. *Rothschild* v. *Corney,* 9 B. & C. 388. *Sargent* v. *Southgate,* 5 Pick. 312. 3. Considering the notes as memorandums of unpaid premium, the St. of 1861, *c.* 186, applies, and the policy was valid at the time of Pitt's decease. His real indebtedness to the company, at the time of his decease, was $11.00, and as the net value of the policy was $71.50, four fifths of the balance was a net single premium of temporary insurance. The policy specially provides, " that the balance of the year's premium, if any, and all premiums for which credit may have been given and interest or other obligations remaining unpaid," shall be taken from the sum of the insurance.

*E. Merwin,* for the defendants, was not called upon.

COLT, J. The policy of the plaintiff's intestate was issued and accepted upon the express condition that it should cease and terminate, in case he should not pay the annual premium on or before the several days mentioned for the payment thereof, or should fail to pay when due any notes or other obligations given for premium. Two notes were given for the balance of the premium required to be paid upon the issuing of the policy, one payable on demand for forty dollars, and the other for thirty-three dollars, payable in three, six and nine months, in equal instalments with interest, to the said insurance company or order, to which last note was added a statement that it was for the balance unpaid of the cash premium on the policy and was given with the full knowledge and intent that, if not paid when due without grace, said policy should become absolutely null and void, in accordance with the conditions therein and this agreement. The policy recited, as consideration therefor, the amount of the cash premium in hand paid, and the annual premium of a like sum to be paid in each year during its continuance.

The defence rests upon the failure of the plaintiff's intestate to pay the first instalment due on the note above described, by which, it is alleged, the liability upon the policy ceased, not having been continued in force by the provisions of the policy or of St. 1861, *c.* 186. And we are of opinion that it must prevail. The rights of the plaintiff must be determined by the

terms of the contract to which the assured assented, when such terms do not contravene the principles of law or public policy Here they are perfectly plain and intelligible, and no resort is necessary to the known rules of interpretation to ascertain their meaning. The stipulations in regard to the payment of premium are of the substance of the contract, and were made upon adequate consideration. It is urged that the policy acknowledges the payment of the first year's premium; that the condition refers only to future premiums, and that the notes in question are, by the decisions of this court, to be regarded as payment of the balance of the cash premium. But the terms include all notes or obligations given for premium. The note and policy are to be construed together, and the note declares that it is embraced within the conditions of the policy in reference to forfeiture. The acknowledgment of payment in the policy is always open to explanation by proof of the actual facts. The decisions of this court, which declare that the giving of a negotiable promissory note is evidence of payment of a preexisting debt, allow it always to be shown, to defeat the inference, that such was not the intention of the parties. It only in effect changes the burden of proof in such cases. And here the papers abundantly show that it was not the intention that the notes given should be considered payment of the premium unless paid when due. *Curtis* v. *Hubbard*, 9 Met. 322, 328. It is further argued that the note in question is a single, entire contract and was not due, although the first instalment was not paid as provided. In *Vinton* v. *King*, 4 Allen, 562, it is held that a note payable by instalments is overdue when the first instalment is overdue and unpaid so as to affect a subsequent holder with the equities between the original parties. In one sense it is not overdue as to the remaining instalments; but whether, strictly speaking, it is an overdue note or not, it is clearly within the conditions of the policy to be regarded as an overdue obligation given for premium to the extent of the first payment due on the note. *Badger* v. *Titcomb*, 15 Pick. 409, 413.

By St. 1861, *c.* 186, the entire forfeiture of life policies for

nonpayment of premium is provided against, and this policy is expressly made with reference to those provisions. The net value of the policy on the day when the instalment became due is agreed to have been $71.76, an amount which is less than the indebtedness of the assured upon the two premium notes on that day, so that there was nothing to be applied as a single premium of temporary insurance upon his life.

*Judgment for the defendants.*