## LOUISE ROEHNER *v.* THE KNICKERBOCKER LIFE INS. CO.

Plaintiff's husband assigned to her, with the consent of the defendants, a policy of insurance on his life, issued by them. A clause in the policy provided that failure to pay any note given for the premium should cause the policy to be void, without notice to any parties interested therein. At the time for payment of the annual premium (after the assignment had been made), defendants took, in part payment thereof, a note made by plaintiff's husband, dated Dec. 11th, 1869, payable four months after date, without grace, and having a clause providing that the policy was to be void in case the note was not paid at maturity, according to the contract in said policy. No demand of payment of the note was made, and on April 12th, 1870, the amount of the note was tendered to the defendants, who refused to receive it.

*Held,* 1. That no demand of payment of the note was necessary; 2. That the note fell due on April 11th, 1870; 3. That the note not having been paid at maturity, all the rights of the plaintiff under the policy were forfeited, and the policy was void by its own conditions.

APPEAL by plaintiff from a judgment entered upon the decision of a judge at special term.

This action was brought against the defendants to recover the value of a life insurance policy for $5,000, issued by them to the plaintiff's husband upon his life, and on August 8th, 1869, with their consent, assigned to her. The annual premium of $212 became due on Dec. 11th, 1869, and on that day the plaintiff delivered to the defendants, in part payment thereof, a promissory note made by her husband, John Roehner, in the following form :

"$120 84.           "NEW YORK, Dec. 11th, 1869.

"Four months after date, without grace, I promise to pay to the order of the Knickerbocker Life Insurance Company one hundred and twenty dollars and eighty-four cents, at with interest, value received in premium on policy No. 22,617, which policy is to be void in case this note is not paid at maturity, according to contract in said policy.      JOHN ROEHNER."

The contract in the policy was as follows : "Failure to pay at maturity, any note (other than the annual premium note) given for premium, interest or other obligation on this policy,

shall then and thereafter cause said policy to be void, without notice to any party or parties interested therein."

At the same time the plaintiff's husband executed and delivered to the defendants an annual premium note for $212.

The note was not paid on April 11th, 1870, but on the 12th plaintiff tendered defendants the amount of the note.

On August 9th, 1870, the plaintiff's husband died, and on Oct. 10th, 1870, she demanded of the defendants the return of the policy which had been delivered to them at the time of the execution and delivery of the note, but the defendants refused to surrender it.  In Dec., 1870, notice and due proof of the death of John Roehner was served on the defendants.

The plaintiff claimed that the policy was wrongfully detained by the defendants, and demanded judgment for its value, $5,000, with interest from Oct. 10th, 1870.

On the trial the defendants tendered to the plaintiff the notes given by her husband, but she refused to receive them. No demand of payment of the notes had ever been made.

The court ordered judgment for the defendants, and delivered the following opinion:

DALY, CH. J.—The point involved in this case has been decided adversely to the views of the plaintiff in *Roberts* v. *The New England Life Insurance Co.* (1 Disney, 355; s. c. 2 Disney, 106). The decision is expressly in point; and being a case which was maturely considered, and there being no case that I am aware of to the contrary, I shall have to follow it for the purposes of this trial, leaving the plaintiff, if so disposed, to go to the general term, where she can be relieved from it if she can satisfy the court, *in banc* that that decision was erroneous.

A demand of payment of a promissory note, made payable at a particular day, is not necessary to charge the maker. Even when it is made payable on a certain day, at a *particular place*, it forms no part of the contract that payment is to be demanded on that day, at that place ( *Wolcott* v. *Van Santvoord*, 17 Johns. 248; *Fenton* v. *Goundry*, 13 East, 457).

The maker, it is true, may show in an action upon the note,

that he was ready with the money to pay it at the time and place; but that goes only to the question of damages. · It will relieve him from the payment of interest, but not from payment of the note. The making of a note, or the acceptance of a bill, as was held in the cases cited, binds the maker or acceptor generally and universally, and there is no occasion to demand it at the time or place of payment named in it to obtain a right of action upon it.

The instrument which the plaintiff's husband signed in this case was a promissory note, having all the distinguishing attributes. It was for the payment of a stated sum of money, absolutely and at all events, upon a certain day. It did not depend upon any contingency, and was not payable out or from any particular fund. As a promissory note, therefore, it was for the plaintiff's husband to pay it on or before the day named, and not for the defendants, who were the payees, to demand it. A consequence was attached to his failure to pay it upon the day named, which was expressed both in the note and in the policy of insurance, which was, that the failure to pay the note at maturity should cause the policy to be void, without notice to any party or parties interested therein. He did not pay it upon the day it was due; but the amount was tendered to the defendants upon the day following, when they refused to receive it, regarding the contract as at an end according to the condition.

This is not an action to relieve against a forfeiture;—even if the condition were one against the strict enforcement of which a court of equity would relieve, which is by no means clear. It is an action to recover upon the policy upon the assumption that the condition was fulfilled by a tender of the money in time.

It is claimed that the note was not payable until the twelfth; but this is erroneous. It was payable on the eleventh (Story on Promissory Notes, 213; Bayley on Bills, pp. 248, 249).

Though no demand of a promissory note is necessary to charge the maker, it may be where some penalty or forfeiture is to follow from the failure to pay it; that being the ·rule in

the case of a bond with a penalty to secure the performance of a collateral act (*Gibbs* v. *Southam*, 5 Barn. & Ad., 913), or where a forfeiture of the lease is to follow from the non-payment of rent at the stipulated time. But where the parties, by their agreement, expressly dispense with the formality of a demand or notice, the dispensation is operative (*Doe, &c.* v. *Masters*, 2 B. & C. 490); thus where the stipulation was that the lease should end without further notice or demand, it was held that no demand was necessary (*Fifty Associates* v. *Howland*, 5 Cush. 214). That is this case; the parties having expressly agreed that the failure to pay the note on the day it was due should make the policy void without notice, and the court cannot by construction make a different contract from what the parties themselves have made.

By the terms of their agreement the policy had become void on the twelfth, the day when the plaintiff went to the defendants and tendered the amount of the note, and I utterly fail to see upon what ground or principle I could hold that the condition was fulfilled by a tender of the amount of the note on that day.

It is claimed that the defendants, cannot treat the policy as void until they have returned the annual premium note of $212, and the four months' note for $120 84. The defendants were to retain the annual premium note, as well as the other note, until the day fixed for the payment of the latter; and, therefore, before they could return either, the breach of the condition occurred by which the policy became void. They are bound of course to return these notes when requested, but that is all the obligation on their part that can arise respecting these instruments, and in this case they have returned them by surrendering them up on the trial. What the effect upon their contract might have been if they had indorsed these notes over, so as to give a third person a right of action upon them, it is unnecessary to consider, as the defendants have not done so. They have brought them into court, and the plaintiff is entitled to the possession of them.

As the enforcement of this condition struck me as a harsh

and not very creditable procedure on the part of the insurance company under the circumstances (for it was a failure to pay only by a day, and the plaintiff may have supposed that the note was payable on the twelfth instead of the eleventh), I was disposed, if possible, to regard the agreement to dispense with notice, as meaning notice of an election on the part of the defendants, that the policy should thereafter be void, and in that sense distinguishable from a demand; but, upon reflection, I do not think that I can so limit it, for were I to hold that a demand was unnecessary, it would be holding in reality that notice was required to render the policy void; for no demand of the note being necessary to charge the maker, the demand could only in legal effect operate as a notice that if the money was not paid when demanded, the policy would be void. It would, in fact, be refusing to give effect to the very agreement which the parties had made.

In *Baker* v. *The Union Life Ins. Co.* (43 N. Y. 283), it was held that the note and the policy are to be read together, where, as in the present case, the condition is the same in both. The words of the condition in that case were, that the policy should become immediately void, and forfeit to the company, if the notes were not paid at maturity. The court said, " the parties have agreed that upon failure to pay the notes at maturity, the policy shall become immediately void, and the insurers shall be released from all obligations under it. The contingency has happened, and the result dictated by the contract necessarily follows, and courts cannot release parties from their own contracts, fairly made, or make new contracts for them." It appeared in that case that the last of May the notes had been demanded, but it does not appear that any importance was given to that circumstance; the decision being put upon the broad ground that it was the failure to pay the note *at maturity* which was the contingency that made the policy void. In *Pitt* v. *The Berkshire Ins. Co.* (100 Mass. 500), there was a demand, but I find nothing in the opinion of the court which would lead me to infer that that was material to give effect to the condition, the decision being placed solely

upon the ground relied upon in the case in the Court of Appeals, above cited.

In *Howell* v. *The Knickerbocker Life Ins. Co.* (3 Robt. 232), the husband of the plaintiff, whose life was insured, made preparations upon the day when the note was due to pay it, but before he was able to do so, he was struck with paralysis and died the following day. It was held that payment upon the day fixed, was, by the express agreement of the parties, a condition precedent to the continuance of the policy; that it could be excused only by the consent or act of the defendants, and that to maintain an action upon the policy, it was incumbent upon the plaintiff to prove that the condition had been performed.

Judgment, therefore, must be rendered for the defendants.

Judgment was entered for the defendants accordingly, and the plaintiff appealed to the court at general term.

*Henry Wehle,* for appellant.

*Henry W. Johnson,* for respondents.

The court* held that the judgment was correct, and approved the opinion delivered at special term.

Judgment affirmed.

---

* Present, LOEW, P. J., LARREMORE, and J. F. DALY, JJ.