JOHN W. COOMBS *vs.* CHARTER OAK LIFE INSURANCE COMPANY.

Knox, 1875.—May 31, 1876.

*Evidence. Insurance.*

A Policy of life insurance conditioned upon the payment of a given premium upon a day certain, becomes void unless the premium is paid within the time named.

In an action upon a life insurance policy, the insured cannot introduce evidence that the agent of the company before or at the time of the negotiation of the insurance agreed to extend the time of payment of premium beyond the time stated in the policy.

The plaintiff and wife procured a joint policy on their lives payable to the survivor on the death of either, conditioned that if the semi-annual premium of $13.93 were not paid each six months from April 25, 1873, the policy should cease and determine. The payment of the premium due in October, 1873, was not made or tendered till December following. *Held*, 1, the policy became void for non-payment of premium; 2, the plaintiff could not

be allowed to introduce evidence "that at the time this insurance was negotiated, the agent of the company assured the plaintiff that he might pay down what money he had, and take the policy, and that he would wait for the balance any time within the year, and take care of him."

ON EXCEPTIONS.

ASSUMPSIT, on a life insurance policy issued by the defendant company, April 25, 1873, on the joint lives of the plaintiff and his wife, for the sum of $1,000, payable to the survivor on the death of either.

The policy was in its terms in consideration of the annual premium of $27.86, to be paid on or before the 25th day of April in every year during the continuance of the policy, payable one-half in each six months from that date ; and it contained the provision that "in case the said premiums shall not be paid on or before the several days hereinbefore mentioned for the payment thereof, then and in every such case, the said company shall not be liable to the payment of the sum insured, or any part thereof." The plaintiff paid $13.93 premium at the date of the policy, but did not pay or offer to pay any further premium until more than six months had intervened. About December 8, the plaintiff sent the amount of the semi-annual premium to the office of the agent of the company and in the absence of the agent it was delivered to the examining surgeon of the company occupying the same office. The agent and the company declined to accept the payment and offered to return the money. Flora E. Coombs, the plaintiff's wife, died January 7, 1874.

The plaintiff offered to prove at the trial "that at the time this insurance was negotiated, Smith, the agent, assured the plaintiff that he might pay down what money he had, and take the policy, and that he would wait for the balance any time within the year and take care of him," but the presiding justice excluded the evidence and ordered a nonsuit ; and the plaintiff excepted.

*D. M. Mortland & G. M. Hicks,* for the plaintiff.

*A. P. Gould & J. E. Moore,* for the defendants.

WALTON, J. The life insurance policy declared on was made, and accepted by the assured, upon the express condition that, in

case the premiums should not be paid on or before the several days mentioned for the payment thereof, the company should not be liable to the payment of the sum insured, and the policy should "cease and determine."

By the express terms of the policy, the premiums were "payable $13.93 cash, each six months from April 25, 1873." Of course one of the premiums became due October 25, 1873 ; and the receipt given for the advance premium states that the payment was for six months, ending at noon of the 25th day of October, 1873.

This premium was not paid. Afterwards, in December, when the plaintiff's wife was sick, and about a month before she died, the amount was sent to the office of the agent of the company, and there left ; but the agent was away at the time, and it was never accepted by him or the company ; and the plaintiff was notified that it would not be accepted, and the money was tendered back to him.

To avoid the forfeiture of his policy the plaintiff offered to prove "that at the time this insurance was negotiated, Smith, the agent, assured him that he might pay down what money he had, and take the policy, and that he would wait for the balance any time within the year, and take care of him." But very clearly this evidence was inadmissible. It was an attempt to vary the terms of a written contract by parol evidence of what was said at the time it was negotiated. This the law will not allow. Written contracts must speak for themselves; and the language used. cannot be varied or controlled by parol evidence of what was said by the parties or their agents at the time the contract was negotiated. A written contract may sometimes be discharged, or one or more of its provisions waived, by a parol agreement subsequently made; but never by what was said previous to or at the time it was made, except in a direct proceeding in equity to reform, rescind, or compel the specific performance of it. Never in an action at law. And this rule is applicable to insurance policies as well as all other written contracts. *Odiorne* v. *Ins. Co.*, 101 Mass., 551. *Pitt* v. *Ins. Co.*, 100 Mass., 500. *McLellan* v. *Cumberland Bank*, 24 Maine, 566. *Chase* v. *Jewett*, 37 Maine, 351. 1 Greenl. on Ev., § 275.

If the plaintiff could have shown an agreement with the agent of the insurance company, by which the premium was to be regarded as already paid to him, so that the agent would have been personally responsible to the company, and the insured would have become the debtor of the agent, and not the debtor of the company, and that this agreement was known to and acquiesced in by the company, then, within the doctrine of *Sheldon* v. *Ins. Co.*, 25 Conn., 207, and *Bouton* v. *Ins. Co.*, 25 Conn., 542, the forfeiture of the policy would have been saved.

But no evidence was introduced, or offered, tending to prove such an agreement as that. The plaintiff offered to prove by his own testimony that the policy did not contain the real agreement of the parties; that while the policy declared in express terms that the premiums should be payable "each six months," by the real agreement between him and the agent, a payment at any time within the year would be in season. This the law would not allow. There would be no safety in written contracts if it did.

*Exceptions overruled.*
*Nonsuit confirmed.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.