IRENE E. BIGELOW *vs.* STATE MUTUAL LIFE ASSURANCE ASSOCIATION.

Suffolk.   March 9.—May 6, 1876.   Sept. 25, 1876. — Sept. 5, 1877.
SOULE, J., absent.

A policy of life insurance, purporting to be issued by a mutual insurance company, in consideration of a certain sum " paid," and of a like sum to be paid annually, contained the following conditions : " That if said assured shall neglect to pay the annual premiums at the time and in the manner prescribed, this policy shall become forfeited and void except as provided in the St. of 1861, *c.* 186.   That this policy, and any amount which may become due for loss thereon, is assigned and hypothecated to said company, and they have a lien thereon to secure the payment of any premiums or parts thereof on which credit shall have been given, and of any notes or securities given or to be given to said company, and upon non-payment of such notes or securities after the payment of the same shall have become due and have been demanded, said policy shall become forfeited and void.   That this policy shall not take effect until the premium is paid."   The policy was delivered to the insured, and the company gave him a receipt for the full amount of the first premium.   Only half of this premium was in fact paid in cash, and at the same time the insured delivered to the company a memorandum by the terms of which he agreed, in consideration of the company deferring the payment of one half the premium for six months, to pay said sum with interest at the expiration of that time, and that, if not so paid, the insurance should cease and the policy

become void. *Held*, that the policy was forfeited by failure to pay this note when due, and that the amount of this note must be deducted from the net value of the policy in determining the premium of temporary insurance under the St. of 1861, c. 186.

CONTRACT on a policy of insurance, dated March 1, 1870, on the life of Moses E. Bigelow in the sum of $10,000, issued by the defendant, "in consideration of $539.70 to them paid," "and of a like sum to be paid to them or their duly authorized agent on or before the first day of March at noon, in each year during the term," "for the use of the assured, and, in case of his death before the expiration of this policy, for his wife, Irene E. Bigelow," and payable to him at the expiration of eighteen years, or, in the event of his prior death, to his representatives or assigns.

The policy contained the following conditions : "That if said assured shall neglect to pay the annual premiums at the time and in the manner prescribed, this policy shall become forfeited and void, except as provided in the 186th chapter of the acts of the Legislature of Massachusetts, passed in 1861, entitled 'An act to regulate the forfeitures of policies of life insurance.' *

---

* "SECTION 1. No policy of insurance on life, hereafter issued by any company chartered by the authority of this Commonwealth, shall be forfeited or become void by the non-payment of premium thereon, any further than regards the right of the party insured therein to have it continued in force beyond a certain period, to be determined as follows, to wit: The net value of the policy, when the premium becomes due and is not paid, shall be ascertained, according to the 'combined experience' or 'actuaries'' rate of mortality, with interest at four per centum per annum. After deducting from such net value any indebtedness to the company, or notes held by the company against the insured, which notes, if given for premiums, shall then be cancelled, four fifths of what remains shall be considered as a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of premium, and the assumptions of mortality and interest aforesaid.

"SECTION 2. If the death of the party occur within the term of temporary insurance covered by the value of the policy, as determined in the previous section, and if no condition of the insurance other than the payment of premium shall have been violated by the insured, the company shall be bound to pay the amount of the policy the same as if there had been no lapse of premium, anything in the policy to the contrary notwithstanding: provided, however, that notice of the claim and proof of the death shall be submitted to the

That this policy, and any amount which may become due for loss thereon, is assigned and hypothecated to said company, and they have a lien thereon to secure the payment of any premiums or parts thereof on which credit shall have been given, and of any notes or securities given or to be given to said company, and upon non-payment of such notes or securities after the payment of the same shall have become due and have been demanded, said policy shall become forfeited and void. That this policy shall not take effect until the premium is paid."

The case was submitted to the court upon an agreed statement of facts in substance as follows :

Moses E. Bigelow died on December 24, 1872, and notice and proof of his death were duly given to the defendant. No question is made but that the plaintiff is the proper party to sue. When the policy was delivered to Moses E. Bigelow, the defendant delivered to him the following receipt, signed by the secretary and countersigned by the agent : "State Mutual Life Assurance Company of Worcester, Worcester, Mass., March 1, 1870. $539.70. Received of M. E. Bigelow five hundred and thirty-nine $\frac{70}{100}$ dollars, amount annual premium on his policy of life insurance, No. 7168, due March 1, 1870." And Bigelow then and there signed and gave to the defendant the following memorandum : " State Mutual Life Assurance Company of Worcester, Boston, Mass., March 1, 1870. $270.00. In consideration that the State Mutual Life Assurance Company of Worcester defer the payment of two hundred and seventy dollars, being one half the premium on policy No. 7168, for the term of six months, I hereby promise and agree to pay said sum, with interest at the rate of seven per cent., at the expiration of said term; and it is expressly understood and agreed that this arrangement is made upon the express condition that if the above named premium and interest shall not be paid at the time specified, then said assurance shall cease and the policy become void." At the same time Bigelow paid to the defendant in cash the remainder of the

company within ninety days after the decease: and provided, also, that the company shall have the right to deduct from the amount insured in the policy the amount at six per cent. per annum of the premiums that had been forborne at the time of the death."

first annual premium stated in the policy to have been paid at the delivery of the policy. Neither Bigelow, nor any person for him, ever made any further payment for or on account of the policy, either as first premium or otherwise. At the maturity of the note, the defendant sent a notice by mail to Moses E. Bigelow, the plaintiff's agent, demanding payment thereof, and also carried the note to the last place of business of the assured within this Commonwealth for the purpose of presenting it to him for payment; but he had before that time left the Commonwealth and gone to reside elsewhere in parts unknown, and had no agent in Massachusetts, and never returned or had any other place of business in this state.

If the policy became wholly forfeited, then, whether it was forfeited at the maturity of the note by reason of its non-payment, or at the date when the second annual premium became payable, its net value would not be sufficient to continue it in force under the St. of 1861, c. 186, § 1, until the death of the assured, if the amount of the note is to be deducted from said net value. But if the amount of the note is not to be deducted, then the net value was sufficient to keep the policy in force under said statute until the date of the decease of said assured.

Nor would the net value be sufficient to keep the policy in force until the death of the assured, if the net value is to be computed upon the cash payment alone, neither including the amount of the note in the same, nor deducting it therefrom; that is to say, the cash payment alone, if no note had been given, would have been insufficient to keep the policy in force until the death of the assured. But if the note is to be treated as equivalent to cash, and not to be deducted from said net value, then the entire amount of both cash and note would suffice to maintain the existence of the policy until after the death of the assured.

If on these facts the plaintiff could recover, judgment was to be entered for her, the amount to be determined by an assessor; otherwise, judgment for the defendant.

The case was argued in March, 1876, and in May following judgment was ordered for the plaintiff. The defendant thereupon moved for a rehearing, which was granted, and the case reargued in writing in September, 1876.

*G. A. Somerby*, for the plaintiff.

*D. Foster & A. D. Foster*, for the defendant.

BY THE COURT. Upon a reconsideration of this case, with the aid of the elaborate arguments of counsel, the majority of the court is 'of opinion that it cannot be distinguished in any essential particular from the recent case of *Pitt* v. *Berkshire Ins. Co.* 100 Mass. 500, and that that case must govern this. As it is not likely that another case will arise, presenting such a complicated, and in some respects inconsistent, series of contracts, it would serve no useful purpose to discuss it in detail.

*Judgment for the defendant.*