HENRY HEIM, Appellant, *against* THE METROPOLITAN LIFE
INSURANCE COMPANY, Respondents.

·(Decided March 4th, 1878.)

Where the plaintiff, being in arrears for premiums due on his policy of insurance
with the defendant company, surrendered his policy and received a "paid-up
policy," and at the same time gave an interest-bearing note for the past due and
unpaid premiums on his old policy, which note was made a lien upon the paid-up
policy, and it was also made a condition of the contract for the surrender of the
old and the issuing of the new policy that if the interest or any part of the prin-
cipal of his note was not paid when due, that then the policy should become void ·
without notice,—*Held*, that the plaintiff was not entitled to notice of the time when
the interest on the note fell due (even though it was the continuous practice of
the company to give notice in such cases), and that his failure to pay the interest
when due worked a forfeiture of the policy, against which a court of equity
would not give relief.

*Held*, further, that the fact that the plaintiff supposed that the policy, being called
a "paid-up policy," required no further payments to keep it in force, was no
ground for relieving him, no fraud or mutual mistake being shown.

APPEAL by the plaintiff from a judgment of this court
dismissing the complaint, entered on a decision made by
Judge LARREMORE, after a trial before him at special term.

The facts are fully stated in the opinion.

*Henry Wehle & Simon Sultan*, for appellant.

*Wm. Henry Arnoux*, for respondent.

ROBINSON, J.—Plaintiff, in August, 1868, procured from
defendants an insurance for $1,000 upon his life for the
period of ten years at an annual premium of $110 05, to be
paid in quarterly instalments, and continued to make such
payments in cash or by notes until on or about August
26th, 1874, when he offered his policy for sale to them; but
not satisfied with the price they were willing to pay, agreed
with them to surrender that policy and to take one out of a
different character, founded upon the consideration of a sur-

render of that policy, the acceptance of the conditions mentioned in a surrender receipt, which he signed, and the annual payment of $12 26 as interest due and to accrue on $175 15, the amount of premium notes and policy loans then due from him on account of the previous policy, which interest was to be paid annually (in advance) on the 26th day of August thereafter; that then payable being advanced by him on receipt of the new policy which insured his life in the sum of six hundred dollars, payable in ninety days after the 26th of August, 1878, less the amount of all unpaid notes given for loans on the new and prior policy, and all deferred premiums, if any, then existing. The policy was subject to the condition, among others, that said interest should be paid on or before the day above mentioned for the payment thereof, at the office of the company or their duly authorized agent, producing receipts signed by the president and secretary, and any default thereof, or failure to pay any note given for interest or other obligation upon the policy, should cause the policy to be void, *without notice*, and all payments thereon forfeited. Plaintiff at the same time signed an agreement that said sum of $175 15 was a loan at interest and a proper lien upon said policy, which was accepted, subject as well to the conditions thereof as to the conditions that the amount of said loan should be a set-off or counter claim to any amount which might become due upon said new policy, and that the company might deduct the same therefrom, as also that for failure to pay said interest on said loan (in advance) on the 26th day of August, during the life of said policy. The plaintiff also agreed, in an instrument signed by him, that failure to so pay said interest should cause said policy to cease and determine. Plaintiff failed to pay the sum of $12 26 interest money payable by these contracts on the 26th of August, 1875, and gave no attention to the matter until the 21st of August, 1876, when he offered the company that sum, which they refused.

The plaintiff alleged, and it was admitted, that he was a German, but he did not show, as he alleged, but it was denied, that he was unable to speak or understand English,

although examined through an interpreter. He claims to be relieved from the forfeiture resulting from his default in paying the instalment of interest or premium due on the new contract on the 26th August, 1875, because, as he alleges, he understood it was a paid-up policy and did not look at his policy, and because, as he alleges, when he made payments under the previous policy he always received notice.

It was also offered on his behalf to show that it was the continuous practice of the company to give notice that payment was required. He showed no offer to pay the interest due August 26th, 1876, except by that made in his complaint; and it is upon such a case the plaintiff seeks to be reinstated in his rights as they existed on the 25th of August, 1875, before he had made any default.

In *Roehner* v. *Knickerbocker Life Ins. Co.* (4 Daly, 512) this court held, at general term, that when the insurance company had taken in part payment a note payable at four months for annual payments that had become due on such a policy, which contained a similar clause of forfeiture as was in that in question in the present case, no demand of payment was necessary, and the note being unpaid, all the rights of the person assured under the policy were forfeited and the policy became void, citing *Baker* v. *Union Life Ins. Co.* (43 N. Y. 283) and *Pitt* v. *Berkshire Ins. Co.* (100 Mass. 500), in which the same doctrine was held. The new policy issued to this plaintiff did not make the principal debt, due on the premium and policy notes that had been given during the running of the one surrendered, any condition to its validity, but only required the annual payment of $12 26, the interest on that debt, to be paid annually, and although the new policy was also pledged for payment of that debt, the pledge and any money to become due under it ceased to be of any value if, prior to the insurance money becoming due, the policy became forfeited. The plaintiff's condition as a debtor owing said principal sum was not changed or relieved unless he made such payment of the annual interest in such way as to secure his rights under the new policy. His default rendered the security void and of no effect. As

all prior negotiations and contracts relating to his life insurance were merged in the new policy, and all prior practices of the defendants inconsistent with its express terms were ignored (*Ruse* v. *Mut. Ben. Life Ins. Co.*, 23 N. Y. 516), no obligation or duty rested on the defendants to give him notice of the accruing payment when it was expressly agreed by him that the premium should be payable according to its terms " without notice." Nothing had *thereafter* occurred with him from which any waiver or right to an indulgence could be inferred or suggested. (*Howell* v. *Knickerbocker Life Ins. Co.*, 44 N. Y. 276; *Homer* v. *Guardian Mut. Life Ins. Co.*, 4 N. Y. Weekly Dig. 106.) His ignorance or want of intelligence as to the character of the agreement he had entered into, or supposition that it was an entirely " paid-up policy," furnishes no ground for equitable relief. No such previous ignorance and want of ordinary precaution in business transactions can make a case in his favor. No case of mutual mistake is suggested as ground for reforming the contract, nor any imputation of fraud made against the defendants. The inequitable character of any such restoration of an assured who is so in default, is exemplified (outside of the war question) in the opinion of the Supreme Court in *The New York Ins. Co.* v. *Statham* (93 U. S. Rep. [3 Otto,] 24; S. C. in equity [MSS.] decision, Oct. term, 1877); *Worthington* v. *Charter Oak Ins. Co.* (41 Conn. 411–413.)

For these reasons the complaint was properly dismissed, and the judgment should be affirmed.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Judgment affirmed.