## MARSTON v. THE MASSACHUSETTS 'LIFE INSURANCE COMPANY.

The declaration of the agent of a life insurance company, having notice of the death of the assured, that the policy was forfeited by a failure to pay the premium when due, and making no objection to the want of formal notice and proof of death, is evidence of a waiver of the provision in the policy requiring due notice and proof of death within a given time.

The occasional payments of premiums and notes given for premiums, after due, and consequent renewals of the policy by the company, are not a waiver, as to premiums subsequently due, of the stipulation in the policy making a failure to pay any premium or premium note when due a condition of forfeiture of the policy.

When the annual premium is paid partly in cash and partly by a note payable before the end of the year, and a receipt renewing the policy for a year is given, the policy is forfeited when the note is due, on a failure to pay it at that time.

Under the non-forfeiture law of Massachusetts (Gen. Sts. of Mass., c. 186), providing for extending life insurance policies (otherwise forfeited for non-payment of a premium) by the net value of the policy as a single premium, all unpaid notes given for annual premiums, including those for the part of the year subsequent to the forfeiture, are deducted in determining the net value of the policy.

ASSUMPSIT, on a life insurance policy. The defence was want

of due notice and proof of death, and that the policy was not in force at the death of the assured.

The plaintiff's husband was insured for her benefit March 20, 1866, for an annual premium to be paid in advance, one third cash, one third by a six-months note, and one third by a demand note. Cash payments were made, notes given, and the policy was renewed annually up to and including March 20, 1869. Sometimes the notes were not paid until after they became due, and at the latter date, when the last annual renewal of the policy was made, besides the six-months note and demand note, a note was given for the unpaid balance of old notes. Marston died January 21, 1872, nothing having been paid as renewal premiums since March 20, 1869, nor upon the notes then given. No formal notice or proof of death was made. The agent of the company in New Hampshire was seasonably informed by the plaintiff of her husband's death, and stated that the policy had expired by the non-payment of premiums due, and made no objection to the form or want of notice and proof of death. The policy provided for payment in ninety days after due notice and proof of death, and the law of Massachusetts, where the contract was made, required notice and proof of death to the company within ninety days after the decease. The defendants excepted to the finding of the referee, that the requirement of notice and proof of death had been waived by the company.

It was stipulated in the policy that it would cease and determine by a failure to pay the premium, or any note given for a premium, when due, and that no part of the premiums paid would be returned on the policy's becoming void. By the non-forfeiture law of Massachusetts, applicable to this case, it is provided that policies of insurance shall be valued at the time when the premium is due and unpaid, and, after deducting from this value any indebtedness to the company, or notes held by the company against the assured, four fifths of the remainder shall be a premium for extending the policy from the time it lapsed by non-payment of premium.

If, as the defendants claim, the policy lapsed September 20, 1869, by the failure to pay the note then due, and the whole amount of the notes given for that year's premium should be deducted as indebtedness in finding the net value of the policy, it was not extended by the single premium so found to the death of the assured. If, as the plaintiff claims, the policy did not lapse till the end of the year, March 20, 1870, or if that part of the notes given for the last half of the year's premium was not deducted in determining the net value of the policy, it was extended beyond the death of the assured, and was then in force. Each party claimed judgment.

*A. F. L. Norris*, for the plaintiff.

*Mugridge*, for the defendants.

ALLEN, J.   The fact that the defendants, after information of the assured's death, made no objection to the form ' or want of notice and proof of death, at the same time claiming that the policy was forfeited by non-payment of premium notes at maturity, might induce the plaintiff to believe that no other more formal notice and proof were required, and to abstain from giving the notice and proof required by the contract, and was evidence from which a waiver of the provision in the policy and the law requiring due notice and proof within a given time might be found. The requirement, being made for the benefit of the defendants, was one which they might waive, and the finding of a waiver was upon sufficient evidence. *Goodwin* v. *Life Ins. Co.*, 73 N. Y. 480.

The agreement that the policy should cease and determine on a failure to pay a premium, or a note given for a premium, was one which could only be avoided by a new contract omitting the condition, or by a waiver of the condition. Non-payment at the day involved absolute forfeiture. *New York Life Insurance Company* v. *Statham & a.*, 93 U. S. 24, 31. The renewal of the policy by the payment of an annual premium was not a new contract changing or waiving the terms of the policy. It was an acknowledgment of the receipt of the annual premium according to the terms of the policy, and left its conditions unimpaired. *Howell* v. *Knickerbocker Life Ins. Co.*, 19 Abb. Pr. Rep. 217; *Patch* v. *Phœnix Ins. Co.*, 44 Vt. 481; *Robert* v. *New England Life Ins. Co.*, 1 Dis. (O.) 355.

The reception at different times by the defendants of premiums, and of payments on notes given for premiums, after they were due, and the consequent renewals of the policy at the same time, was evidence from which a waiver of the condition of forfeiture for non-payment might have been found. But no waiver has been found; and it cannot be said, as matter of law, on the facts stated, that there was a waiver of the condition. The favor which the defendants granted by receiving the premium and renewing the policy, after one failure to pay at the day stipulated, could not of itself bind them to waive a subsequent forfeiture that attached by reason of another failure. *Thompson* v. *Knickerbocker Life Ins. Co.*, U. S. Cir. Ct., So. Dist. Ala., 1876·; 3 Am. L. T. Rep. 370; *Mutual Benefit Ins. Co.* v. *French*, 2 Cin. Sup. C. Rep. 321; *Roehner* v. *Knickerbocker Life Ins. Co.*, 4 Daly 512.

By reason of the non-payment of the semi-annual note due September 20, 1869, the policy then ceased and determined, unless the law of Massachusetts (Gen. St. of Mass., c. 186) extended it beyond that period. The law provides for the extension of policies forfeited for non-payment of premium. The semi-annual note was given for a part of the annual premium. It was not received in payment of the premium, unless that was agreed or understood by the parties, and no such agreement appears. *Foster* v. *Hill*, 36 N. H. 526; *Pitt* v. *Berkshire Life Ins. Co.*, 100 Mass. 500. Practically, the non-payment of the note given for a part of the premium

was the non-payment of the premium to that extent, and the non-forfeiture law applies.

The extension of the policy by this law must be from the date of forfeiture for non-payment, September 20, 1869, and the extension will fall short of or extend beyond the death of the assured, according as the part of the notes representing the last half of the year's premium is or is not deducted from the net value of the policy at the time of forfeiture in determining the net single premium for the extension of the policy.

The indebtedness to be deducted was represented by the unpaid notes. The premiums were payable yearly in advance, and no premiums were to be returned by reason of forfeiture during the year, for the whole of which the premium might have been paid. The value of the policy depended on the premiums paid, and, though the insurance might be lost by forfeiture for non-payment, the value of the policy was diminished by an amount equal to the sum of the notes unpaid.

In *Goodwin* v. *Mass. Life Ins. Co.*, 73 N. Y. 480, it was decided that the policy was forfeited by the failure to pay when due the last half of a year's premium, payable at the middle of the year, but that the unpaid part of the premium should not be treated as indebtedness to be deducted in determining the net value of the policy as a premium for extension. No note had been given for the unpaid part of the premium.

In *Pitt* v. *Berkshire Mutual Life Ins. Co.*, 100 Mass. 500, the note for the unpaid part of the annual premium was payable in three instalments. The policy being forfeited for non-payment of the first instalments when due, the amount of the whole note, including the two instalments not due, was deducted in determining the net value of the policy. This case is affirmed in *Bigelow* v. *State Mutual Life Assurance Assoc.*, 123 Mass. 113.

The construction given by the Massachusetts court to the non-forfeiture law enacted in that state is adopted. The policy was not in force at the death of the assured, and on the referee's report there must be

*Judgment for the defendants.*


STANLEY, BINGHAM, SMITH, and CLARK, JJ., did not sit: the others concurred.