HUDSON

*v.*

KNICKERBOCKER LIFE INSURANCE COMPANY OF NEW YORK.

28  167
65L 651

1. A stipulation in a life policy that a failure to pay any of the premiums at the time designated will avoid the policy, renders each payment a condition precedent to the continuance of the policy.

2. If the time within which a premium, or any part of it, must be paid, is enlarged by the acceptance of a note upon condition that if the note is not paid at maturity the policy shall be void, payment must be made within the time agreed upon, or the policy will become void.

3. If a life policy provides that the holder may, within a designated period after failure to pay a premium, surrender his policy and demand a paid-up policy for part of the sum insured, the right must be exercised within the time designated, or it will be lost.

4. In the absence of an agreement to that effect, part payment of an annual premium will not keep a policy alive for such proportionate part of a year as the sum paid bears to the whole premium.

5. A policy-holder in a life insurance company, where the time when a division of profits shall be made is committed to the discretion of the directors, has no right to ask for a discovery, and that a division of profits shall be decreed, except upon an allegation that the discretion committed to them has been abused.

On final hearing on bill, answer and proofs.

*Mr. S. D. Dillaye*, for complainant.

*Mr. A. Q. Keasbey*, for defendant.

THE VICE-CHANCELLOR.

This suit is brought to collect the amount alleged to be due on a policy of insurance issued by the defendant to the complainant, on the life of her husband. The special ground of equity cognizance alleged is, the complainant's right to participate in the profits made by the defendant; that the amount of these is unknown to her, and she is therefore entitled to discovery, and to have it declared that the defendant, as to the portion she is entitled to, is her trustee. The defendant insists that the policy has lost all force as a contract, by the failure of the complainant to do certain acts, which, by the express terms of the policy, were necessary to its continuance in force.

The facts are undisputed. The policy was issued May 28, 1867, on the payment of a premium of $193.92, and stipulated that nine subsequent annual premiums, each of the same amount, should be paid. All those falling due prior to May 28, 1871, were paid. That falling due May 28, 1871, was partly paid in cash, and for the balance three notes, of $32 each, were given, payable at three, six and nine months. The body of the policy contains an express agreement, that an omission to pay any of the annual premiums on the day designated shall render the policy void, or in case the time of payment of any premium is extended, then a failure to pay any note or obligation given for premium, at its maturity, shall render the policy void. Each of the three notes contained a provision that in case it was not paid at maturity the complainant's policy should be void. Neither of the notes were paid at maturity, nor subsequently.

Contracts of insurance are construed and enforced in the same manner that other contracts are. There is nothing in the subject matter of such contracts relieving them from the

operation of the legal principles which govern other contracts. If the parties have expressed their mutual purpose in clear and unambiguous language, the court has no duty of interpretation to perform, but must then confine itself simply to the duty of carrying into effect the intention of the parties. It has no power to release them from unwise or imprudent engagements, untainted by fraud, nor to make new contracts for them.

A stipulation in a life policy, that a failure to pay any of the premiums, at the time designated, shall avoid the policy, renders each payment a condition precedent to the continuance of the policy, and a failure to perform such condition within the time limited, by the clear words of the contract, strips it of all force as the basis of a suit. *Catoir* v. *American Life Ins. Co.*, 4 *Vr.* 487; *Ruse* v. *Mutual Ben. Life Ins. Co.*, 23 *N. Y.* 516; *Howell* v. *Knickerbocker Life Ins. Co.*, 44 *N. Y.* 281; *Hammond* v. *American Mutual Life Ins. Co.*, 10 *Gray* 306. And where the policy provides that a failure to pay, at maturity, a note given for premium, shall avoid the policy, default in payment, even in case part of the premium is paid in cash and a note given for the balance only, destroys all right of recovery upon the policy. *Pitt's Adm'r* v. *Berkshire Life Ins. Co.*, 100 *Mass.* 500; *Baker* v. *Union Mutual Life Ins. Co.*, 43 *N. Y.* (4 *Hand*) 283. Such must necessarily be the effect of a default, because the policy-holder, by plain words, has agreed that it shall have that effect. Besides, it is well understood that the punctual payment of premiums is an essential part of a contract of life insurance. In the recent case of the *New York Life Ins. Co.* v. *Statham*, (reported in the Albany L. J. for November, 1876, p. 309,) Judge BRADLEY, speaking for a majority of the supreme court of the United States, says: " All the calculations of the insurance company are based on the hypothesis of prompt payments. They not only calculate on the receipt of the premiums when due, but on compounding the interest upon them. * * * * The insured parties are associates in a great scheme. This associated relation exists whether the com-

pany be a mutual one or not. Each is interested in the engagements of all; for, out of the co-existence of many risks, arises the law of average which underlies the whole business. An essential feature of this scheme is the mathematical calculations referred to, on which the premiums and amounts assured are based. And these calculations, again, are based on the assumption of average mortality and of prompt payments and compound interest thereon. Delinquency cannot be tolerated."

It is, therefore, obvious the complainant cannot successfully claim she is entitled to recover the whole sum stipulated to be paid on the death of her husband.

But the policy contains a clause making provision against a total loss of all rights under the policy, in case a forfeiture should occur after two or more premiums have been paid. It is expressed as follows :

" That if, after the receipt by this company of two or more annual premiums, this policy should cease in consequence of the non-payment of premium, then, upon a surrender of this policy within twelve months after such unpaid premium becomes due, the company will, in exchange, issue a paid-up policy for a sum equal to one-tenth of the sum insured for each premium paid."

It is admitted four premiums were paid. No default was made until May 28, 1871. There can be no doubt the complainant had a right, at any time before May 28, 1872, to surrender her policy and demand that a new policy be issued to her in conformity to the provision just quoted. It is admitted no such offer and demand were made until September, 24, 1872. The complainant's right to a new policy was then denied on the ground that the demand had not been made within the time limited by the contract. Hudson died September 30, 1872, six days after the demand. The first of the three notes given for the premium fell due August 31, 1871. Even if it should be considered that the acceptance of this note enlarged the period within which the complainant had a right to demand a paid-up policy, it is clear the demand was not made within the prescribed

period.   Further time was given upon the express condition that if each note was not paid at maturity the policy should be void.   The condition is not that the policy shall only become void in case the note falling· due last in point of time is not paid at maturity, or that it shall only become void in case all three notes are not paid, but default in the payment of either, at maturity, destroyed the policy.   If the complainant took the benefit of the delay, she was bound to perform the condition on which it was granted, or submit to the consequences.   In *Pitt's Adm'r* v. *Berkshire Life Ins. Co., supra,* it was held, the failure to pay the first of three instalments of a note given for premium, containing a stipulation that if they were not paid as they fell due the policy should become void, avoided the policy.   And I think it may very properly be said in this case, as was said by the court in *Baker* v. *Union Mutual Life Ins. Co., supra :* "In so many words, the parties have agreed that, upon failure to pay the notes at maturity, the policy shall become immediately void, and the insurers shall be released from all obligation under it.   The contingency has happened, and the result declared by the contract necessarily follows : the courts cannot release the parties from their contracts, or make new contracts for them."

The demand for a paid-up policy was not made within the time limited by the contract, and the defendant was, therefore, under no obligation to accede to it.   A little more than half the premium due May 28, 1871, was paid in money.   It is insisted that the acceptance of this sum operated to keep the policy alive for such proportion of the ensuing year as the sum paid bore to the premium for the whole year ; in other words, a payment of just half the annual premium would continue the life of the policy for six months.   The policy requires the payment, on a day certain, of a specific sum ; its payment on the day designated is a condition precedent to the continuance of the policy, and it is expressly provided that a failure to make it destroys the policy.   The parties have agreed upon this

condition, and the court has no power to modify it, or dispense with it. It is not stipulated a partial payment shall keep the policy alive for such fractional part of a year as the payment bears to the whole premium, and in the absence of such an agreement a partial payment is no better than no payment.

I think it is quite clear this suit is not the proper subject matter of equity cognizance. The special ground of jurisdiction, alleged in the bill, has already been mentioned. Upon looking into the defendant's charter, it appears the profits of the defendant's business are to be ascertained from time to time, as the directors may determine, and after setting aside a certain part to form a benefit or relief fund, the balance is to be equitably apportioned among such of the insured as are entitled to participate in the profits. The periods when dividends shall be declared, or when divisions of profits shall be made, are committed to the discretion of the directors. It is not shown, nor alleged, that they have improperly refused to exercise this power, nor exercised it wrongfully or fraudulently. Equity will not interfere in such cases unless it appears there has been a wilful abuse of the discretion committed to them. 2 *Redfield on Railways*, 336. It must also be observed the defendant is a foreign corporation, created by the laws of New York, and I, therefore, think the power of this court to determine whether its directors have properly exercised their discretion in this respect or not, may well be doubted. *Williston* v. *Mich. South. R. R.*, 13 *Allen* 400.

I will advise a dismissal of the bill.