The insured prays for the reinstatement of his disability policy.
The policy, issued by defendant, insured complainant for a period of twelve months beginning June 27th, 1931, against disability resulting from accident or disease. The policy provided: "The Insured shall have the right to continuously renew this policy from year to year upon payment of the premium on or before the anniversary date, until the Insured has attained the age of sixty nearest birthday." The premium was payable quarterly.
Complainant renewed the policy from year to year until 1937. In anticipation of the anniversary date, June 27th, 1937, complainant on June 16th wrote out a check, but did not immediately forward it to defendant. The envelope which held the check was post-marked June 26th — a Saturday — and reached defendant June 28th. The earliest bank stamp on the check is July 1st. In due course, the check was returned to defendant because complainant had forgotten to sign it. I note that complainant had sufficient funds in his bank to pay the premium. On July 12th, defendant wrote complainant, "as the instrument tendered in payment of premium was not a collectible instrument, we find it necessary to advise that the policy terminated as of June 27th, 1937." Complainant protested without avail and then filed the bill, tendering payment of the premium with interest.
The policy was renewable by its terms "upon payment of the premium on or before the anniversary date." The condition on which renewal depends is not met by tender of payment within a reasonable time after the anniversary date. Generally an option to renew an existing status must be exercised on or before the last day of the preceding term. Monmouth Electric Co. v.Consolidated Gas Co., 83 N.J. Law 531. In an insurance policy, the time limited for payment of a premium is of the very essence of the contract; the insured is bound to a strict performance.Catoir v. American Life Insurance and Trust Co.,33 N.J. Law 487; Hudson v. Knickerbocker Life Insurance Co., 28 N.J. Eq. 167; *Page 115 Bergholm v. Peoria Life Insurance Co., 284 U.S. 489;52 S.Ct. 230.
Complainant argues, and I will assume, that since the anniversary date was a Sunday, payment the following day would be timely.
A check received for payment of a debt is not payment if not itself paid, except in cases where it is positively agreed to be received as payment. Freeholders of Middlesex v. Thomas Martin, 20 N.J. Eq. 39; Kuhl v. Mayor, c., Jersey City,23 N.J. Eq. 84. This rule is generally followed in insurance premium cases in the absence of special circumstances. Martin
v. New York Life Insurance Co. (N. Mex.), 234 Pac. Rep. 673;40 A.L.R. 406. There are decisions, however, of which Veal v.Security Mutual Life Insurance Co. (Ga.), 65 S.E. Rep. 714, is an example, in which a different result is reached. They point out that insured is under no obligation to pay the premium — he is at liberty to let the policy lapse — but he becomes liable when he gives the insurer his check, and they hold that the insurer cannot retain the check, after notice of dishonor, and still insist that the policy has lapsed for non-payment of the premium.
Such cases do not support complainant's case, for defendant never had his check, but only an unsigned piece of paper — not a chose in action, or evidence of indebtedness — nothing. The character of the paper is not altered by the fact that defendant put it in the bank as if it had been a check. The premium has not been paid.
Complainant says that defendant by accepting overdue premiums in the past, lost the right to insist on punctual payment. The proofs show that in the early years of the policy, premiums were generally paid late. But in the summer of 1935, defendant sent a notice to complainant that premiums must be remitted direct to the home office on or before the due date. Thereafter, complainant's quarterly premiums — seven in all — were paid promptly until June, 1937. Further, the defendant sent, and complainant received, a registered letter in March, 1937, advising that "all payments must be received at the Home Office, 87 Kilby Street, *Page 116 
Boston, Mass., on or before the due date." Defendant, in June, 1937, could properly insist on strict observance of the terms of the policy.
Lastly, complainant importunes the court to relieve against the forfeiture of his right to renew the policy. But he shows no ground for relief save his own forgetfulness to sign the check. He agreed to payment on or before the anniversary date, and must abide by his contract.
Bill dismissed.