Cook v. Cook.

---

James Cook's Adm'rs, v. Joseph T. Cook.

Where money is loaned to be repaid on demand, the Statute of Limitations commences to run immediately.

It would seem that the parties might contract that notice should be given before the money should be demandable, or that they might, by their agreement, make the demand a collateral matter, in which case the Statute would not commence to run until the notice or demand.

Appeal from Cherokee. Tried below before the Hon. William .W Morris.

The facts are stated in the Opinion.

Cook v. Cook.

*Donley & Anderson*, for appellants. We contend that the cause of action accrued immediately without demand, and that the Statute runs from the date of the account. (Story on Promissory Notes, Sec. 29 ; Cincannon v. Kidd, 4 Humphrey 321, 322 ; Easton v. McAlister, 1 Mis. 662 ; Larison v. Lambert, 7 Halsted, 247 ; Newman v. Kettell, 13 Pick. 418 ; Winman v. Mohawk Ins. Co. 13 Wendell, 267 ; Darnall v. Magruder, 1 Har. & Gill, 439.) We submit that judgment should have been for the defendants below.

HEMPHILL, CH. J. The petition, by Joseph T. Cook, charges that the defendants, as administrator and administratrix of James Cook, deceased, are indebted to him for moneys loaned the deceased on the 19th day of January, eighteen hundred and fifty-one, and on the 19th day of February, eighteen hundred and fifty-two, amounting to six hundred and fourteen dollars 25-109, and alleges that, at the time of the loan, it was understood and agreed between the said James Cook, deceased, and the plaintiff, that the money was to be repaid to the plaintiff at any time when he should want or demand the same ; but that the said James died on the 19th Sept. 1853, without having paid any of the said sum of money ; that the defendants took out administration on the 19th Oct. 1853 ; and by amended petition, he alleges that the account being presented to defendants on the 28th September, 1854, was rejected by them as not being a just claim against the estate. The plaintiff also alleges, in his amended petition, that the contract as to the payment was specific and certain ; that the plaintiff expressly agreed to demand said money as condition for its payment, and the deceased expressly agreed to pay the same on demand ; and in substance charges, that he did not demand his money during the lifetime of the deceased. The only evidence, introduced in support of the claim, was that of S. M. Cook, the administrator, who deposed that, in the year 1854, in (as witness believes,) the fall of that year, the plaintiff

let deceased have five hundred dollars ; that the deceased afterwards returned, or accounted for, about one hundred and fifty dollars ; that he heard the deceased say in 1852—he cannot state the time of the year—that he owed the plaintiff about six hundred dollars, including the money first mentioned, and some money that plaintiff let him have after the time first mentioned, but witness could not say at what time. The agreement between the plaintiff and the deceased was, that the money was to be paid to plaintiff whenever he should demand it ; never heard anything about it after this conversation, and does not know whether the money has been paid or not. It was not paid by the witness. He rejected the account because he believed the same was barred by the Statute of Limitations.

The defendants relied, among other matters, on the Statute of Limitations of two years ; and the ruling of the Court was to the effect that the Statute did not commence to run, as against the plaintiff, until demand made for the money loaned. The jury found for the plaintiff the full amount of his claim.

The only question is, whether there was error in the proposition that the Statute did not commence to run against the claim, until there was demand for the restoration of the money. And it appears very clear, upon the authorities, that this was erroneous ; that an account or note payable on demand, is payable immediately ; that there need be no special demand, and that the Statute of Limitations commences to run from the date of the note or account. (4 Humphrey, 321, 322 ; 13 Pick. 418 ; 13 Wendell, 267.)

A receipt for a sum of money, by which the person receiving it undertook to return it with interest, " when called on " so to do, created a cause of action from its date, and against it the Statute runs from that time. (Perry v. Griffith, 1 Har. & Gill, Md. R. 439, as cited in Angell, 98.)

In Norton v. Ellam, 2 Meeson & Welsby, Exchequer Rep. p. 461, the note was, " I promise to pay £400 on demand, with

lawful interest." It was held that the Statute ran from the date of the note. It was argued very strongly for the plaintiff, that the Statute did not run from the date of the note ; that to say so, would be to say that there is a breach of the contract the moment the note is written ; that a breach of an obligation could not exist at the instant of its creation, and especially this could not be so where the security was payable with interest, since that shows some time must intervene before the money is payable; and the case of Banough v. White, 4 B. & Cress. 325, was cited, where it was ruled, in effect, that on a promissory note payable with interest, on demand, there would be no breach until a demand had been made. But the Court, through Parke, B., entertained no doubt on the point ; that it was the same as the case of money lent payable on request, with interest, where no demand is necessary before bringing the action. There is no obligation in law to give any notice at all. " If you choose to make it part of the contract, that notice shall be given, you may do so ; " that a promissory note payable on demand, is a present debt, and is payable without any demand, and the Statute begins to run from the date of it. Alderson, B., said it must be so, unless there is something to show that a demand is to be a collateral matter.

The agreement in this case, as appears from the evidence, was, that the money should be paid the plaintiff when he demanded it. In other words, it was a loan of money payable on request, and the debt which constitutes the cause of action arose instantly on the loan ; consequently, the Statute commenced to run immediately, and the demand as alleged, and even as proven, was clearly excluded by the bar of the Statute.

The evidence to sustain the demand was not very satisfactory. The witness knew nothing about it subsequent to the declarations of the deceased, which were long before his death, perhaps twelve or eighteen months. The transaction in relation to so large an amount of money, was extremely loose ;

and if the plaintiff shall sustain loss, it is attributable to his own want of care, and not to any unreasonable strictness in the rules of the law.   For the error of the Court in ruling to the effect that the Statute had not barred the demand, judgment is reversed and cause remanded.

Reversed and remanded.