MANHATTAN LIFE INSURANCE Co. v. ELIZA P. LePERT.

1. INSURANCE COMPANY—FORFEITURE.—A policy of insurance issued in 1852, for the term of the natural life of the insured, contained a condition to the effect that if the insured should fail to pay the premium on the day fixed for its payment, each year, the policy terminated, and the company should not be liable to pay the sum insured or any part thereof. On the 27th of January, 1862, during the war, (the company residing in New York, and its agent and the insured living in Galveston,) the insured tendered to the agent at Galveston the premium due at that date, and he declined to receive it, on the ground that he had not heard from the company. In 1865 a like tender was made to the same party as agent, and he refused to receive it, assigning no reason. No other tender was afterwards made. In 1872 the insured brought suit to recover on the policy, and offered to deduct premiums accrued since 1862 : *Held*—

1. That the forfeiture of the policy by failure to pay accruing and accrued premiums since the tenders, was not prevented by the tenders.

2. To prevent a forfeiture, the tender should have been repeated as often as under the terms of the policy the premium was due.

2. PRACTICE.—See directions, under rule 59, for proper practice in preparing an agreed case, so that questions of law and of fact may be agreed upon and stated separately.

APPEAL from Galveston.  Tried below before the Hon. A. P. McCormick.

Suit submitted on the following agreed case, under rule 51.

The appellee, Eliza P. LePert, plaintiff below, held October 5, 1871, a policy of insurance on the life of her husband, John H. LePert, issued to her by appellant (defendant below) on the 27th day of January, 1852, for the term of his natural life, for the sum of $3,000, in consideration of a premium of $99.30 then paid, and an annual payment of a like sum, to be paid annually on the 27th day of January of each year, during the continuance of the policy, half in money and half in notes, and interest on the notes at seven per cent. per annum, payable annually in advance, the notes to be deducted from the policy in case of the maturity of the policy by death, or they might be canceled by profits.

The appellee paid premiums half in money and half in notes of J. H. LePert, and interest on the notes up to the 27th of January, 1861, inclusive, the last being the premium paid in advance for the year ending January 27, 1862.

The policy was countersigned and delivered by E. P. Hunt, agent for appellant in Texas, at Galveston, and all premiums and notes paid and delivered to him up to and including January 27, 1861, on receipt signed by the president and secretary of the company.

E. P. Hunt was agent of the appellant for the State of Texas when the war began, and his agency was not revoked by appellant (unless the war, *ipso facto,* effected a revocation) until appellant appointed George Butler its agent in April, 1866.

January 27, 1862, a war existed between the United States and the Confederate States, New York adhering to the former and Texas to the latter, commencing April, 1861, and ending in June, 1865.

Appellee was a resident, with her husband, of Texas, and the appellant a resident of New York.

On January 27, 1862, appellee tendered the premium due that date to E. P. Hunt, as agent, in his office in Galveston, and he declined to receive it because he had not heard from the company.

In 1865, immediately after the war, appellee tendered to said E. P. Hunt, as agent, the accrued premiums in money, and he refused to receive them, without assigning any reason for refusing. Later in 1865 appellant saw Hunt, and asked him if he had heard from the company. He said he had not, and did not know what to do.

George Butler was appointed agent for appellant in Galveston April, 1866, and continued its agent until 1872, and there was no other agent in Texas during that time. In the spring of 1871 John H. LePert applied to Butler, agent, to obtain for him the surrender value of the policy; said he was too poor to pay the back premiums, but wanted the surrender value. Butler told him to write to the company. John H. LePert, in May and June, 1871, wrote to the company asking a statement of the value of the policy. He did not offer to revive the policy or to pay up the back premiums. The company answered, the notes given being deducted from the policy, it had no surrender value, the notes amounting to $496.50. John H. LePert died 5th October, 1871, and proofs of loss were made out and served on the company and payment of the policy refused, and appellee brought this suit October 15, 1872, to recover on the policy for the amount, $3,000, and offered to deduct premiums accrued since 1862. The policy contained the condition, "that if the said insured or the said Eliza P. LePert should fail to pay the premium, $99.30, on the day fixed for the payment thereof each year, the policy terminated, and the company should not be liable to pay the sum insured or any part thereof." No premium was offered or paid from January 27, 1866, to LePert's death, October 5, 1871, by appellee, or by any one else for her.

Appellant answered by counsel, and pleaded the condition of the policy for non-payment of premium, and also that the policy had no surrender value by reason of the notes to be deducted from the policy.

The lower court charged the jury, that the tender by plaintiff, or any one for her, to the agent of defendant, of the premiums falling due 27th January, 1862, would be a sufficient compliance on the plaintiff's part to prevent a forfeiture of the policy, and to find for the plaintiff the amount due on the policy, less the unpaid notes and unpaid premiums up to LePert's death, and refused all charges asked by appellant.

The jury, March 5, 1875, found for the plaintiff $940.48. Judgment was entered for this sum on March 6, with eight per cent. interest from date of judgment, and costs. Defendant below appealed. Motion for new trial overruled, and the insurance company brought the case to this court properly.

The sole question presented for decision in this court is, Was the forfeiture of the policy prevented either by the tender to E. P. Hunt, as agent, at his office in Galveston, January 27, 1862, (during the war,) of the annual premium then due, or by the tender made to the same person, as agent, in 1865, (after the war,) of all premiums and dues that had accrued on the policy since January 27, 1861 ?

*Edward T. Austin,* for appellant.

I. The tender, as stated, to E. P. Hunt, as agent for appellant, in January, 1862, of the premium then falling due, did not prevent the forfeiture of the policy. (Dillard v. Manhattan Life, 44 Ga., 119; New York Life v. Statham, 3 Otto, 24; New York Life v. Seyms, 3 Otto, 24; Manhattan Life v. Buck, 3 Otto, 24; Worthington v. Charter Oak Life, 4 Big., 673; Tait v. New York Life, 4 Big., 480.)

II. That the tender to E. P. Hunt, as agent of appellant, at Galveston, in 1865, of the premiums accrued on the policy from January 27, 1861, did not prevent the forfeiture of the policy.

Hunt had not heard from the company in January, 1862. Hunt had not heard from the company in 1865, after tender. The war existed to June, 1865. George Butler was appointed agent in April, 1866, and continued the only agent to 1872, during that term. No payment or offer of payment was made by appellee to appellant, or to Butler, agent, from January, 1866, to LePert's death, in 1871. John H. LePert corresponded with the company, in relation to the surrender value, in May and June, 1871. It answered, on account of the notes, $496.50, to be deducted, that it had no surrender value. LePert did not offer to renew the policy, or pay back premiums. (Insurance Co. *v.* Davis, 5 Otto, 425; New York Life Insurance Co. *v.* Statham, 3 Otto, 24; Worthington *v.* Charter Oak Insurance Co., 4 Big., 673; Insurance Co. *v.* Eggleston, 6 Otto, 580, affirming New York Life Insurance Co. *v.* Statham, 3 Otto, 24; Insurance Co. *v.* Davis, 5 Otto, 425.)

*F. Charles Hume,* for appellee.

I. The forfeiture of the policy was prevented by the tender to E. P. Hunt, as agent, at his office in Galveston, January 27, 1862, (during the war,) of the annual premium then due.

Hunt had been agent of the appellant for Texas, with his office in Galveston, from the inception of the contract of insurance, and had there received for the appellant all premiums accruing on the policy, from January 27, 1852, to January 27, 1861, inclusive. His agency was not revoked (unless the existence of the war, *ipso facto*, effected a revocation) until George Butler was appointed agent, in April, 1866. (Martine *v.* International Life Insurance Soc., 53 N. Y., 339; 4 Big., 259; Bird *v.* Pennsylvania Mutual Insurance Co., (U. S. C. C.,) 5 Big., 487; Mutual Benefit Life Insurance Co. *v.* Atwood's Administratrix, 24 Grat., 497; 5 Big., 536; Mutual Benefit Life Insurance Co. *v.* Hillyard, 37 N. J., 444; 5 Big., 269; Manhattan Life Insurance Co. *v.* Warwick, 20 Grat., 619; 2 Big., 168; Ward *v.* Smith, 7 Wall., 452; United States *v.* Grossmayer, 9 Wall., 75; Statham *v.* New York Life Insur-

ance Co., 45 Miss., 594; 3 Big., 645; Hamilton *v.* Mutual Life Insurance Co., 9 Blatch., 234; 3 Big., 787; Robinson *v.* International Life Assurance Soc., 42 N. Y., 54; 2 Big., 748; Sands *v.* New York Life Insurance Co., 50 N. Y., 626; 3 Big., 726; New York Life Insurance Co. *v.* Clopton, 7 Bush, (Ky.,) 179; 2 Big., 709; Smith *v.* Charter Oak Life Insurance Co., 5 Big., 212.)

II. Independent of the effect of the tender made in 1862, the forfeiture of the policy was prevented by the tender to E. P. Hunt, as agent, at his office in Galveston, in 1865, (after the war,) of all premiums and dues that had accrued on the policy since January 37, 1861.

In 1865, immediately after the war, appellee tendered to Hunt, as agent, the accrued premiums in money, and Hunt refused to accept the tender, without assigning any reason for refusing.

George Butler was the only agent of appellant in Texas from and after April, 1866, to 1872. No premium was paid or tendered, by or on behalf of the appellee, from January 27, 1866, to the date of LePert's death, October 5, 1871. (New York Life Insurance Co. *v.* Hendren, 24 Grat., 536; 5 Big., 546; Semmes *v.* Hartford Insurance Co., 13 Wall., 158; Kershaw *v.* Kelsey, 100 Mass., 561; Spencer *v.* Brower, 32 Tex., 664; Cohen *v.* New York Mutual Life Insurance Co., 50 N. Y., 610; 3 Big., 715; Hillyard *v.* Mutual Benefit Life Insurance Co., 35 N. J., (6 Vroom,) 415; 3 Big., 661; Hancock *v.* New York Life Insurance Co., 4 Big., 488.)

GOULD, ASSOCIATE JUSTICE.—To the question presented for our decision, we respond: The forfeiture of the policy was not prevented, either by the tender to E. P. Hunt, as agent, at his office in Galveston, January 27, 1862, (during the war,) of the annual premium then due, or by the tender made to the same person, as agent, in 1865, (after the war,) of all premiums and dues that had accrued on the policy since January 27, 1861.

By this we do not mean that Hunt's authority to receive

premiums was revoked by the war, nor that the tender to him in 1862 and 1865 was insufficient to prevent the forfeiture of the policy up to the time of the last tender. What we do intend to decide is, that the forfeiture of the policy for subsequent failures to pay accruing and accrued premiums was not prevented by those tenders.

If Hunt's authority to receive premiums continued during the war, it will scarcely be asserted that his authority to represent the company generally remained unsuspended and unimpaired. But whatever may have been the extent of his power to act for the company in declaring a policy forfeited, it does not appear that he assumed to do so, and refused to receive the premiums on the ground that the policy was forfeited. His refusal was not placed on a claim of forfeiture, but upon the ground that he had not heard from his principal. The inference from the facts agreed upon is, that he refused because, not having heard from the company, he was unwilling to act for it. Under the circumstances, the refusal did not authorize the policy-holder to assume that the company treated his policy as forfeited, and that any further tender of premiums would be an idle formality. LePert, in our opinion, should have repeated the tender, either to the company itself, or to Butler, who, after April, 1866, acted as its sole agent in Texas. Not having done so, and not having made any tender of subsequent premiums, we think his former tender did not prevent a subsequent forfeiture.

Whilst this case has been submitted and disposed of as an agreed case, under rule 59, we do not think the "points of law or of fact involved in the record" were agreed upon in the manner intended by that rule. The question presented evidently involves both questions of law and of fact, which should have been agreed upon and stated separately. The effect of the war on the contract and on the agency were points of law on which the parties differed. Whether Hunt in fact acted as agent in 1862 and 1865, and whether he, as agent, so acted as to excuse any further tender, were, in part

at least, questions or points of fact involved in the question submitted.

An agreed case, under rule 59, should, we think, present separately and distinctly each point of law and of fact involved in the record, and which may have to be passed upon in disposing of the case as submitted.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered February 18, 1880.]