E. SCHRAUM ET AL. V. A. NOLTE, SR.

(No. 1560, Op. Book No. 2, p. 434.)

APPEAL from Guadalupe County. Opinion by WATTS, J.

§ 1156. *Limitation; debt grounded upon contract in writing; note payable "on demand," etc.; reasonable time.* "All actions of debt grounded upon any contract in writing shall be commenced and sued within four years next after the cause of such action or suit, and not after." [Pas. Dig. 4604.] [The language of the Revised Statutes, art. 3205, is different from the above, but the meaning is the same.— ED.] The rule is well settled that a note payable on demand is payable immediately; that no special demand is necessary, but that the statute of limitations commences to run from the date of the note. [Cook v. Cook, 19 Tex. 436.] So, also, when a party received and receipted for a sum of money to be returned with interest "when called on" so to do, this created a cause of action from its date, and the statute commenced to run from that time. [Berry v. Griffith, 1 Har. & Gill (Md. R.) 440.] With regard to notes and bills payable "after sight" or "after notice," the statute does not begin to run from the date of the bill or note; but the necessity is the same of making the presentment or notice in a reasonable time, as it is in making a demand in a reasonable time in notes payable "after demand." [Angell on Lim. § 97.] What this reasonable time is depends upon the circumstances of each particular case; and in this respect no definite rule has been laid down. The question is one of fact for the jury, and not of law for abstract judicial decision. [Wallace v. Agrey, 4 Mason C. C. R. 336.] It is held that if no cause for delay can be shown, the demand is barred, unless made within the period of the statute of limitations, and the right of action is extinguished by the delay. [34 Penn. St. 12; 36 Mich. 487; 24 Am. Rep. 605; 40 Vermont, 540; 10 Pick. 120; 22 Ohio St. 27.] In this case the note sued upon

was made payable "after a six months' notice is given." Note dated April 26, 1872. Suit filed November 4, 1879. *Held*, that the notice must have been given within a reasonable time after the date of the note, and that unless this was shown to have been done, the note was barred, and that this question of reasonable time should have been submitted to the jury under proper instructions from the court.

. April 27, 1881.          Reversed and remanded.

NOTE.— On a second trial of this case in the court below, the plaintiff again recovered judgment, and upon appeal the judgment was affirmed without any written opinion, the court holding that the demand of the plaintiff was not barred by limitation, the evidence showing that the "six months' notice" had been given within a reasonable time.— ED.