EMMA E. HENRY, ADMINISTRATRIX, V. ROE & BURNSIDE, EXECUTORS.

No. 3179.

1. **Demand Before Suit—Interest—Limitation.**—The holder of a negotiable note payable on demand may sue without demand. The note is actionable at once. It bears interest from date, and limitation runs from its date.

2. **Foreign Administration—Case in Judgment.**—The payee of a promissory note payable on demand died in New Jersey in October, 1883. His wife as executrix probated the will in New Jersey in February, 1884. She presented the note to executors of the maker in Texas. The claim was rejected. She brought suit June 4, 1890. In September, 1890, she qualified as administratrix in Tarrant County, Texas, having produced a certified copy of the will and the probate thereof from the Surrogate Court of Warren County, New Jersey. On September 24, 1890, she again presented the claim, duly authenticated, to the executors, who again rejected it; and on October 13, 1890, she amended her petition setting up her qualification as administratrix in Texas, and the presentation and rejection of the claim as presented the second time. *Held:*

1. The first presentation and rejection were void, and did not put into operation the law of limitation as to rejected claims.

2. That she could maintain the action upon the second rejection made after her qualifying as administratrix in Texas.

3. That the action of the Probate Court of Tarrant County was not void, and could not be attacked by the defendants in this suit upon the ground that more than four years had elapsed from the date of the death of the testator.

3. **Interest.**—While it appeared that the note was executed in the State of Illinois and no interest was stipulated, it not appearing what the rate of interest was where it was made, the note bore interest at the rate prescribed in Texas.

4. **Limitation—New Promise.**—See letters from the maker of the note sued on held to contain an acknowledgment of the justice of the claim, complying with the statute in such cases (Rev. Stats., art. 3219), and constituting a new promise to pay.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM. The opinion states the case.

*James C. Scott*, for appellant.—1. The note sued on being payable on demand, is and was not entitled to days of grace. It could be sued upon without presentation for payment; therefore it should bear interest from its date. Brown & Co. v. Chancellor, 61 Texas, 438; Edgemon v. Ashelby, 76 Ill., 162.

2. When partial payments are made they should be applied to the interest accruing first; and if any surplus, then applied to the principal. Hampton v. Dean, 4 Texas, 460; 2 Dan. on Neg. Inst., sec. 1252.

3. The judgment of the County Court of Tarrant County appointing appellant administratrix of the estate of Eugene T. Henry, deceased, was res adjudicata, and could not be questioned collaterally in this suit. Guilford v. Love, 49 Texas, 735–737; Martin v. Robinson, 67 Texas, 379, 380.

*J. Y. Hogsett* and *Green & Humphrey,* for appellees.—1. The note being payable on demand, did not draw any interest until after demand.

2. The petition failed to allege any demand prior to the time of filing suit; there was therefore no pleading to support a judgment for interest prior to filing suit. 2 Pars. on Bills and Notes, p. 393; 1 Randolph Com. Paper, sec. 1710, and note; Hunter v. Wood, 54 Ala., 71; Wallace v. Bogel, 62 Texas, 636; Hall v. Jackson, 3 Texas, 305.

3. The court erred in retaining jurisdiction of the cause for any purpose, because the facts alleged in the petition showed the amount of plaintiff's claim to be less than $500.

4. The grant of the letters of administration more than four years after the death of Eugene T. Henry was forbidden by law and void; and being void, could be objected to in this suit. Rev. Stats., art. 1827; Loyd v. Mason, 38 Texas, 212; Withers v. Patterson, 27 Texas, 492; Harwood v. Wylie, 70 Texas, 538; Land and Cattle Co. v. Boon, 73 Texas, 548.

5. The said amended petition is insufficient, because it appears therefrom that the claim sued upon is and was barred by the statute of limitations of four years long before the filing of plaintiff's suit, and the matters alleged by plaintiff are insufficient to take said claim out of the statute and exempt it from the operation thereof. Cook v. Cook, 19 Texas, 436; Krueger v. Krueger, 76 Texas, 178; Gathright v. Wheat, 70 Texas, 740; Meusebach v. Half & Bro., 77 Texas, 187, 188.

COLLARD, JUDGE, *Section A.*—This suit was instituted June 4, 1890, by appellant, executrix of the estate of Eugene T. Henry, deceased, against A. J. Roe and J. B. Burnside, executors of the estate of William Henry, deceased, upon a note, as follows:

"$710.                    "CAIRO, ILLINOIS, January 1, 1872.

"On demand after date I promise to pay to the order of E. T. Henry $710, value received, without any relief of valuation or appraisement laws.
                              "WM. HENRY, JR."

The note had credits on it to the amount of $476.06, ten payments made from July 25, 1878, to September 14, 1888.

E. T. Henry resided in another State, and died in New Jersey, in October, 1883, testate, his wife (the plaintiff) qualifying as executrix in that State. His brother, the maker of the note, resided in Texas, and died here in 1889, testate, the appellees Roe and Burnside qualifying as executors. May 16, 1890, plaintiff presented the note, credited as stated, authenticated as a claim against the estate of William Henry to his executors, which was rejected by them. The original suit was then brought, as before stated. In September, 1890, she qualified as administratrix of the estate of E. T. Henry, in Tarrant County, Texas,

and on the 24th of September again presented the claim, duly authenticated, to the executors of William Henry's will, who again on the same day indorsed it "rejected." Plaintiff then, on the 13th of October, 1890, amended her petition, setting up the foregoing facts, and also setting out letters of William Henry to show that the note was not barred by limitation, claiming interest on the same at 8 per cent per annum from its date. No demand of payment is alleged.

Defendants filed various exceptions to the amended petition: that it showed that too long a time had elapsed after the death of E. T. Henry before letters were applied for in this State, and the grant of letters was void; that as executrix in another State plaintiff could not maintain the suit in this State; that there was no suit by any one authorized to sue in this State until more than ninety days after the alleged rejection (the first) of the claim by the defendant executors; that no interest could be allowed, because the note did not bear interest until demand of payment, and no demand was alleged; and that the note was barred by statute of limitation of four years. Defendants answered by general denial; bar of four years; bar of ninety days, because there was no suit within that time after the rejection of the claim; and that as the note was made in Illinois it could only bear interest, if any, at 6 per cent per annum, the alleged rate of that State.

Plaintiff replied, that she was not authorized to present the note for allowance at the time it was first presented, nor until she qualified as administratrix of the estate, after which she again presented the claim, when it was rejected, and the amendment was then filed in time, of which defendants had notice. She also set up the letters of William Henry as new promises, taking the case out of the bar of the statute; and that the letters were written in Texas, where 8 per cent interest was allowed, and that the law of Texas should control.

Defendants also moved to strike out the amended petition filed October 13, 1890, because the original petition seeks to recover as executrix in New Jersey, and the amendment seeks to recover as administratrix of the estate by appointment in Texas, and because there was no dismissal of the first suit. The court overruled the motion to strike out the amended petition; sustained some of the exceptions to the amended petition; that plaintiff could not recover as executrix of the will of E. T. Henry by appointment in New Jersey; that the petition was insufficient in showing her right to sue under appointment in Tarrant County more than six years after the death of her testator, and the exception to the amended petition asking "8 per cent interest from the date of the note, and to have same set off against the payments;" and insufficient because the note sued on does not by law draw any interest until after demand, no demand being alleged. Other exceptions were overruled, and plaintiff filed trial amendment to the effect that the will of E. T. Henry was probated in New Jersey the 26th day of February,

1884, after his death in 1883; that one Scranton and herself were appointed executors by the Probate Court of Warren County, and that they qualified as such; that Scranton died, leaving plaintiff sole executrix; that she qualified as administratrix of the estate of E. T. Henry in the County Court of Tarrant County, at the September term, 1890, "wherein she produced a certified copy of the said will and the probate thereof from the Surrogate Court of Warren County, State of New Jersey, and filed the same; that there was no necessity for such administration in Texas until after the death of William Henry, for that he at and before that time was making payments on said note to plaintiff, as appears from credits admitted, and by letters, as stated in the amended petition."

This trial amendment was filed April 14, 1891. On the same day, in reply to pleas from defendants, and evidently before the trial amendment was filed, she set up that the letters filed with the amended petition were new promises made in Texas, where 8 per cent interest was allowed, and which should control; also, that the note was payable on demand, and bore interest from date. The exceptions sustained were addressed to the first amended petition, filed the 13th of October, 1890. The order sustaining the exceptions was of same date as the replication and trial amendment of plaintiff, and did not refer to them.

There was judgment, after trial by the judge, April 14, 1891, for plaintiff for $235, with 8 per cent interest from that date.

Plaintiff has appealed, and assigns errors to the effect that the amount of the judgment is too small; that the court allowed only $1.06 interest; that interest should have been allowed at 8 per cent from the date of the note, at least from the time demand was made for payment prior to July 25, 1878, or from a reasonable time after the date of the note.

The assignment is well taken. The allegation claiming interest from the date of the note in plaintiff's replication was not affected by the order of the court sustaining certain exceptions to the amended petition filed October 13, 1890. No demand was necessary before the institution of suit, nor was it necessary to allege demand. The note being payable on demand was actionable at once, and the statute of limitations would begin to run from its date; in other words, the note was due and payable immediately without demand and without averment of the fact. Story on Prom. Notes, sec. 29, and notes; Cook v. Cook, 19 Texas, 434; Eborn v. Zimpelman, 47 Texas, 503; Pitschki v. Anderson, 49 Texas, 4; Swift v. Trotti, 52 Texas, 504. It not being necessary to make or allege demand, the note being due and payable at once, our statute controls the question of interest, there being no proof of other law in the State where the contract was made. The note specified no interest, and the statute in such case requires, that "interest shall be allowed at the rate of 8 per cent per annum from and after the

time when the sum is due and payable." The statute is clear and unmistakable, and makes no distinction as to "written contracts ascertaining the sum payable." It may be that the law-merchant declares that interest on such notes begins to accrue from the date of demand or the commencement of suit. Story on Prom. Notes, sec. 29; 3 Randolph on Com. Paper, p. 1710. Such a rule could not be enforced in violation of our statute, which makes no distinctions between writings. Hence there was error in refusing interest from the date of the note, on account of which the judgment should be reversed or reformed.

Appellees have filed cross-assignments. The first, that the court should have dismissed the suit, because the petition having alleged no demand, no interest was collectible, and the acknowledged credits reduced the amount due below the jurisdiction of the court. This position is not maintainable, because, as we have seen, the note bore interest from date, and applying the payments first to the discharge of interest as claimed in the petition, the amount of principal due at the time of the institution of the suit would be within the jurisdiction of the District Court.

Another cross-assignment of appellees is, that the petition is insufficient, and plaintiff can not recover thereunder as executrix under appointment in another State. This is true until our statute is complied with; and the court below sustained an exception to the petition urging the same point; but after such suit, she amended by showing that she had caused the will with its probate in New Jersey to be filed in this State, and that she had been duly appointed administratrix of the estate, in Tarrant County, Texas, and had qualified as such. These allegations authorized her to sue in this State. Sayles' Civ. Stats., art. 1856; Simpson v. Foster, 46 Texas, 623, 624.

It is also contended by appellees, that the grant of letters of administration to plaintiff in Tarrant County was contrary to the law and void. In support of this proposition we are cited to article 1827 of the Revised Statutes, which provides, that all applications for letters testamentary and of administration must be filed within four years after the death of the testator or the intestate. It is provided in article 1828, that no will shall be admitted to probate after four years from the death of the testator unless it be shown by proof that the applicant was not in default. Both of these statutes relate to original action in granting letters in this State. We are not prepared to say, that where administration is granted or a will is probated in this State after four years from the death of the testator or intestate the action of the court would be absolutely void. Indeed, as to the probate of a will, the statute permits it after a longer time when the apparent laches is explained. This was a question for the Probate Court, and under a familiar principle it would be presumed, in a collateral proceeding like this, that all necessary proof was made to authorize the court to act. We are not

required to decide whether the excuse set up in plaintiff's trial amendment was sufficient; if that was the excuse, the matter was adjudged in the Probate Court, and can not now in this proceeding be set aside or reviewed.

It is insisted by appellees that suit was not brought in ninety days after the rejection of the claim by the executors of William Henry's estate, and therefore it can not be maintained. Rev. Stats., art. 2028. When she first presented the note for allowance she had not complied with our statute so as to authorize her to represent the estate of E. T. Henry; but after she had qualified under our law she again presented it, duly authenticated, and it was again rejected; whereupon she in due time filed an amended petition setting up the facts. She treated the first presentation and rejection as a nullity, as under our law she had no power to act. This was correct. The second presentation after she qualified to act alone was legal, and should be sustained.

Appellees claim by another assignment, that the petition as amended does not certainly show in which capacity she seeks a recovery as executrix, by reason of her appointment and qualification in New Jersey or as administratrix by reason of her appointment in Tarrant County, Texas, and that defendants' exception on the point should have been sustained. The amended petition and the trial amendment set up all the facts authorizing her to sue by compliance with our statute. This was sufficient to show that she was the legal representative of the estate, and could recover.

It is also claimed that the petition as amended was insufficient, because it appears therefrom that the note was barred by the statute of limitations of four years before the institution of the suit. To avoid the bar of the statute the petition set up three letters of William Henry, as follows: One to Walter Henry, son of plaintiff, who then had the note for collection, of date January 13, 1887: "It has seemed so difficult for our people at Oxford to talk about themselves. It is only by slow degrees that I have become acquainted with the full extent of their misfortunes, and only know, since you have kindly told me, the situaation of my brother Eugene's family. I had supposed they were somewhat better off. Had I known how small was their income, I should have been more anxious to do all that was possible in paying my note, as I shall now make every effort to do all that lies in my power toward that end. Unfortunately this present time is the hardest I have experienced in Texas. We had gone to considerable expense and made large purchases in anticipation of doing a more extensive business," etc. On March 5, 1887, he wrote the plaintiff: "Dear Sister—Inclosed I send you draft on Mechanics National Bank, New York, for $50, which please apply on my note. Henceforth I will endeavor to remit you more frequently than in the past, until all is paid." And on the 3d of December he wrote plaintiff as follows: "Dear Sister Emma—

Inclosed you will find $50 New York exchange, which please indorse on note. I had hoped to make more frequent remittances, but money has been scarce with me, and undoubtedly you will think better late than never."

It is not necessary to comment on these letters. They show, at least the first one to plaintiff shows, all that the law requires to take the case out of the operation of the statute. It is an unqualified acknowledgment of the existence and justice of the debt, and a promise to pay all of it. There is no condition, limitation, or uncertainty in it. The other letters indicate the same obligation and desire to pay the debt, but this one contains every essential to take the case out of the statute of limitation, which, as we have before seen, commenced to run at the date of the note. Rev. Stats., art. 3219; Krueger v. Krueger, 76 Texas, 178, and authorities cited; Smith v. Fly, 24 Texas, 353; McDonald v. Grey, 29 Texas, 80. This letter removed the bar and renewed the promise to pay the entire debt.

We have examined all the questions presented, and conclude that appellees have nothing to complain of; but that because the court refused interest on the note from its date, the judgment should be reversed and here rendered for plaintiff in conformity with this opinion, so as to allow interest on the note from its date, applying the payments to the extinguishment of the interest, or in part extinguishment of the same.

*Reversed and rendered.*