This is a suit upon a life insurance policy for $5000, issued by appellant company upon the life of John T. Chowning, his wife, Sallie L. Chowning, being named as the beneficiary therein. The case was tried by a jury, and resulted in a verdict and judgment in favor of appellee for $6971.11. From this judgment the insurance company has appealed, and assigned errors as ground for reversal of the judgment.
The policy sued upon was an ordinary life insurance policy, executed by the proper officers of the defendant company, to wit, its president and secretary, number 54, 184, and dated September 21, 1888, whereby it undertook, in consideration of the statements in the application for the policy, and of the payment of the sum of $295.45 at the home office of the company, on or before September 15th in every year during the term of ten years from the date hereof, to insure the life of John *Page 458 
T. Chowning, of Dallas, Dallas County, Texas, in the sum of $5000, for the term of his natural life, or until prior maturity, for the benefit of the insured, if living at the maturity of the policy; in case of the death of the insured prior to such maturity, the amount of the insurance was made payable to the plaintiff, Mrs. Sallie L. Chowning, wife of insured, if living; otherwise, to his executors, administrators, or assigns. It further undertook to pay to the insured the amount of said insurance whenever the premiums paid on the policy and its equitable proportion of the company's profits combined, less its share of losses and expenses, should equal the amount of the policy. It was further stipulated, that in case of the death of the insured prior to the maturity of the policy, the same being in force, the company should pay the amount of the policy within sixty days after the receipt of notice and satisfactory proof of death, the balance of the year's premium, if any, and all other indebtedness to the company, being first deducted. The actual age of the insured was 33 years, but his "office age" was stated to be 40 years. The policy purported to be issued and accepted on certain conditions and agreements indorsed thereon, which were made part of the contract, of which the first, sixth, and eighth read as follows, to wit:
"1. This policy shall not be valid or binding until the first premium is paid to the company or its authorized agent, and the receipt hereto attached, countersigned by the company's agent and delivered during the life-time of the insured, and all premiums, or notes, or interest upon notes given the company for premiums, shall be paid on or before the days upon which they become due, at the company's office in Cincinnati, or to the authorized agent of the company, he producing a receipt therefor, signed by the president, vice president, or secretary."
"6. Upon the violation of any of the foregoing conditions, this policy shall be null and void, without action on the part of the company or notice to the insured or beneficiary, and all payments made thereon, and all accrued surplus or profits, shall be forfeited to the company, except as provided in the foregoing fifth paragraph." [Said fifth paragraph has no pertinency to this case.]
"8. The contract of insurance between the parties hereto is completely set forth in this policy and the application for the same, and none of its terms can be modified, nor any forfeiture under it waived, save by an agreement in writing signed by the president or secretary of the company, whose authority for this purpose shall not be delegated."
The policy has indorsed upon it a copy of the original application for insurance. This is dated Dallas, May 29, 1888, signed by John T. Chowning and Sallie L. Chowning, per John T. Chowning; witness, W.W. Hayward, agent. The application is for $5000 on the ten annual payment system, etc., premium payable annually. Age of applicant at nearest birthday was given at 32 years. In answer to question 9 in the application, "How much, if any, of the premium has *Page 459 
been paid in advance?" the written answer is as follows: "Settled for."
The following receipt was delivered to the insured at the same time with the policy, the formal parts of the same being printed:
"UNION CENTRAL INSURANCE COMPANY, "Premium $295.45. "CINCINNATI, OHIO.
"Received two hundred ninety-five and 45/100 dollars, being the first premium upon policy No. 54,184, issued upon the life of John T. Chowning, continuing said policy in force to the 15th day of September, 1889, at noon. This receipt is not valid unless paid, countersigned, and dated the day of payment by _____, Agent.
"Paid at Dallas, Texas, this 25th day of September, 1888.
"E.P. MARSHALL, Secretary. "JOHNSON PATTISON, Agents.
"Agents are not authorized to grant permits, make or alter contracts, or waive forfeitures."
The petition declared upon the policy in the usual form of allegations; alleging payment of premium, full compliance with all the terms of the policy, the death of the assured, etc. The insurance company, answering, alleged that no premium was paid at the time of the issuance and delivery of the policy, but that the assured executed notes for such premium. The terms and conditions of the policy with reference to the payment of premium, a failure to pay the premium notes, and a consequent forfeiture of the policy, were also fully alleged in avoidance of liability upon the policy. Plaintiff replied to the answer of the defendant by supplemental petition, alleging in substance the following matters:
1. An agreement made between the insurance company and the assured, contemporaneously with the execution of the premium notes and issuance of the policy, by the terms of which payment of the notes was to be extended until they should be extinguished by commissions to be earned by the assured and his partner, Reeves, in securing applications for loans of money to be made to the insurance company; the details of the agreement being fully set out.
2. A waiver by the insurance company of the condition of forfeiture; the acts alleged as constituting the waiver being pleaded.
3. Estoppel against the claim of forfeiture, by reason of the insurance company's course of dealing with the assured and other policy holders, which induced the assured and the plaintiff to believe that such forfeiture would not be insisted upon.
The appellant excepted generally and specially to the last named pleading, and denied the truth of the facts set forth. The exceptions were overruled by the court, and upon this state of pleadings the case was tried. *Page 460 
The uncontradicted testimony showed, that no money was paid as premium upon the policy at the time of its issuance; that three notes were given for the premium money, in equal amounts, and due at different dates; that neither of these notes was paid; that after two of the notes became past due, a new note was executed in lieu of the past due notes, the time of payment extended, and the policy continued in force by the insurance company. That the new note and the other of the original three notes fell due before the death of the assured, and neither of them was paid. Each of the notes expressed the purpose for which it was given, and contained the following, among other provisions: "Said policy, including all conditions therein for surrender, shall, without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity, with interest at 8 per cent per annum, payable annually. In case this note is not paid at maturity, the full amount of premium shall be considered earned and payable, without reviving the policy." Upon the face of such notes was printed the following: "Agents are not authorized to make any contract, verbal or written, differing from that written and printed on the face of this note. Nor are they permitted to collect any part of the same, unless indorsed to them for that purpose."
Opinion. — It would be tedious and unnecessary to take up all the assignments of error upon which this case is presented to this court, and consider them separately. The same questions are raised in different forms and at different stages of the pleadings; and it is deemed sufficient to announce the law upon the propositions involved, without going through the detailed proceedings of the trial, and applying them.
The policy of insurance and the notes given for the premium thereon being executed contemporaneously, and relating to the same parties and same subject matter, are parts of the same contract, and should be considered as such in ascertaining the terms of the contract. Thus considered, the contract of insurance clearly provides, that a failure to pay the premium notes when due shall render the policy null and void, without notice to the parties interested, or other action on the part of the insurance company, and the full amount of the unpaid annual premium shall be considered earned. Under such stipulations, a failure to pay the premium note when due renders the policy void, without any formal cancellation of the policy; no liability against the company issuing the policy exists, and a recovery thereon can not be had unless it be shown that the provision of forfeiture contained in the contract has been waived, or that the policy was reinstated after forfeiture. Ins. Co. v. Le Pert, 52 Tex. 504; Cohen v. Ins. Co., 67 Tex. 325; Ins. Co. v. McLennan, 6 Ins. L.J., 124; Heim v. Ins. Co., 7 Daly (N.Y.), 536; Ashbrook v. Ins. Co., 94 Mo., 72-78; Holly v. Ins. Co., 105 N.Y. 437-444; Fowler v. Metropolitan Co., 116 N.Y. 393; Ins. Co. v. Statham,93 U.S. 24; Willcutts v. Ins. Co., *Page 461 81 Ind. 300; Ewald v. Ins. Co., 60 Wis. 431; Williams v. Ins. Co.,31 Iowa 541; Hudson v. Ins. Co., 28 N.J. Eq. 167; Marston v. Ins. Co., 59 N.H. 92; Ins. Co. v. Bledsoe, 52 Ala. 538; Laughlin v. Ins. Co., ante, p. 448.
The proposition is presented by assignments of error based upon the action of the court in overruling exceptions and admitting evidence, over objection, that the written contract of insurance could not be varied or controlled by any antecedent or contemporaneous parol agreement. This proposition is well founded. Oral negotiations and agreements occurring before or at the time of the execution of written contracts are to be treated as merged into such written contracts, and it is not admissible to prove them in variance or contradiction of the terms in writing. Ins. Co. v. Lyman, 15 Wall., 664; Ins. Co. v. Mowry,96 U.S. 544. The pleadings of plaintiff did not disclose the fact that the agreement pleaded to avoid the forfeiture provision was parol, and therefore was not obnoxious to the special exception directed to that point.
The evidence offered, and admitted, showed that there was no such agreement in writing, and that which tended to prove a parol agreement was not admissible, and the court erred in allowing it to go to the jury. It is contended that this was immaterial and harmless, for the reason that the court did not submit the issue of the payment of the premium, but instructed the jury that the premium notes were not paid. It is true that the court did not submit to the jury the issue of the payment of the premium; the charge assumes that the premium was not paid, and instructs the jury that such failure to pay the premium would render the policy void, unless the acts of the company and its authorized agents amounted to a waiver of the forfeiture provision in the contract. A large amount of evidence was admitted upon this issue — it covers about fifty pages of the transcript — and the court's charge is entirely silent as to the effect of such evidence. The jury had the right to assume that the evidence was admitted for some legitimate purpose, and we can not undertake to say that they attached no importance to it and were not influenced by it, upon the issue of waiver. We regard the admission of this evidence as reversible error.
Upon the issue of waiver, there are a number of questions raised as to the legal effect of the facts alleged and proven. In view of the disposition which we shall make of the case, we deem it proper to refrain from a discussion of the evidence, as far as may be consistent with the determination of questions necessary to be disposed of. A general custom of the insurance company not to treat policies as forfeited by nonpayment of premium notes at maturity, and the reliance of the assured upon this practice, was pleaded by appellee. The establishment of such a custom could not have the effect to overturn or supersede the written terms of the particular contract entered into by the parties. By the terms of the contract sued upon, the company was not bound by any such custom, and the proof of it did not tend to show liability. *Page 462 
To that part of the pleadings setting up such a custom, appellant's exceptions should have been sustained. Thompson v. Ins. Co., 104 U.S. 252.
This contract of insurance provided, that if the premium notes were not paid at maturity, the full amount of the annual premium should be considered as earned and payable, without reviving the policy. Under such a contract, the fact that premium notes are held after they become overdue, and their payment demanded, in no way tends to prove a waiver of forfeiture. The company has the legal right to retain and enforce payment of such notes, without reviving the forfeited policy, and the exercise of that right can not legitimately be construed into a waiver of other and different rights. Cohen v. Ins. Co., 67 Tex. 325; 2 May on Ins., sec. 345; Wall v. Ins. Co., 36 N.Y. 157; Shultz v. Ins. Co., 42 Iowa 239; Williams v. Ins. Co., 19 Mich. 451;39 Wis. 111, 121, 138.
There is but one legitimate controverted issue in this case, namely, did the insurance company waive the condition of forfeiture provided in the contract? It is believed that sufficient has been said upon that issue to enable the trial court to fairly and properly present it to the jury upon another trial.
It is also urged that our statute, which provides for recovery of attorney's fees and 12 per cent damages, is unconstitutional and void. Our Supreme Court has decided adversely to this contention. Ins. Co. v. Chowning, 86 Tex. 654; 26 S.W. Rep., 982.
The judgment of the court below is reversed, and the cause remanded.
Reversed and remanded.