SAM v. LUDTKE. (No. 7574.)

(Court of Civil Appeals of Texas. Galveston. April 25, 1918.)

1. LIMITATION OF ACTIONS ☞66(12) — ACCRUAL OF RIGHT—DEMAND.
Where one deposits a sum of money with an individual for safe-keeping with the understanding that it is to be returned at any time, and that the individual is to pay interest, no demand is necessary to start the running of the statute of limitations.

2. LIMITATION OF ACTIONS ☞102(2)—TRUST RELATION—EVIDENCE.
A deposit of money with an individual for safe-keeping, with the understanding that he is to pay interest and return deposit on demand, does not create such trust relation as will prevent the running of the statute of limitations.

3. LIMITATION OF ACTIONS ☞66(9)—ACCRUAL OF RIGHT—BANK DEPOSITS.
The rule that limitation runs against a demand obligation from its date does not apply to bank deposits.

Appeal from Harris County Court; W. E. Monteith, Judge.

Action for debt by Peter Ludtke against Mrs. Idah Sam, executrix of the estate of Joe M. Sam, deceased. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Sam, Bradley & Fogle, of Houston, for appellant. Atkinson, Graham & Atkinson, of Houston, for appellee.

PLEASANTS, C. J. The following sufficient statement of the nature and result of this suit is copied from the brief of plaintiff in error:

This was an action for debt brought by defendant in error December 9, 1916, against Mrs. Idah Sam, executrix of the estate of Joe M. Sam, deceased, the suit being based upon the following instrument: "November 6, 1899. Received of Peter Ludtke $300.00 for safe-keeping. Joe M. Sam." Plaintiff alleged that he "left said $300 with Joe M. Sam for safe-keeping, with the understanding that he was to have it any time he asked for it, and with the understanding that Joe M. Sam was to pay six per cent. for the use thereof; that plaintiff did not need said money before the death of said Joe M. Sam, and therefore made no demand therefor; that the estate of said Joe M. Sam, deceased, is now indebted to said Peter Ludtke in the sum of $300, together with six per cent. interest from date." The prayer was for a judgment for said debt, with interest and costs and general relief. An answer was filed by Mrs. Idah Sam as independent executrix of the estate of Joe M. Sam, deceased, consisting of a general demurrer, a general denial, a plea of payment, of estoppel upon the ground of gross laches and the statute of limitation of four years. Upon hearing before the court without a jury, judgment was rendered on February 3, 1917, in favor of plaintiff, Peter Ludtke, against "Mrs. Idah Sam" for the sum of $300, with interest from the date of the judgment at the rate of 6 per cent. and all costs of court.

[1] The allegations of plaintiff's petition and the undisputed evidence show that plaintiff's cause of action was barred by the statute of limitation of four years, and, defendant having properly pleaded the statute in bar of plaintiff's right to recover, judgment should have been in her favor. As before shown, the petition alleges that when the $300 was turned over to Sam by plaintiff and the instrument sued on executed, Sam agreed to pay plaintiff interest on the money at the rate of 6 per cent. per annum. Plaintiff testified that this was the agreement, and there was no testimony to the contrary. Joe M. Sam died on February 14, 1915, and plaintiff in error is the independent executrix of his will. The trial judge found the facts in accordance with the undisputed evidence, but held that because no demand was made by Ludtke for the payment of the money, the statute of limitation did not begin to run prior to the death of Sam. It is well settled by the authorities that an obligation or promise to pay money on demand is payable immediately, and no demand is necessary to start the running of the statute of limitation. In the case of Cook v. Cook, 19 Tex. 436, which was a suit aganst an administrator to recover money loaned by the plaintiff to the decedent to be paid back on demand, the administrator of the decedent testified that he had heard the decedent say that he owed the money, and that the agreement was that it should be paid to the plaintiff whenever he should demand it; that he, the administrator, rejected the account because he believed it was barred by limitation. The trial court ruled that the statute did not commence to run until demand made for the money loaned.

There was a verdict and judgment for the plaintiff against the administrator. The Supreme Court, speaking through Justice Hemphill, said:

"The only question is, whether there was error in the proposition that the statute did not commence to run against the claim, until there was demand for the restoration of the money, and it appears very clear, upon the authorities, that this was erroneous; that an account or note payable on demand is payable immediately; that there need be no special demand, and that the statute of limitations commences to run from the date of the note or account (citing cases). A receipt for a sum of money for which the person receiving it undertook to return it with interest 'when called on' so to do created a cause of action from its date, and against it the statute runs from that time" (citing Berry v. Griffith, 1 Har. & G. 440).

Quoting further:

"The agreement in this case, as it appears from the evidence, was that the money should be paid the plaintiff when he demanded it. In other words, it was a loan of money payable on request, and the debt which constitutes the cause of action arose instantly on the loan; consequently the statute commenced to run immediately, and the demand, as alleged, and even as proven, was clearly excluded by the bar of the statute."

In the case of Henry v. Roe, 83 Tex. 446, 18 S. W. 806, the suit was upon a demand note, and in holding that limitation began to run from the date of the note the court said:

"No demand was necessary before the institution of suit, nor was it necessary to allege demand. The note, being payable on demand, was actionable at once, and the statute of limitations began to run from its date; in other words, the note was due and payable immediately, without demand, and without averment of the fact" (citing a number of cases).

In Swift v. Trotti, 52 Tex. 498, which was a suit on account, for money loaned, payable on demand the court held that no time elapsed before the running of the statute of limitation except such time as the statute was suspended by law.

Other cases in point are Eborn v. Zimpelman, 47 Tex. 503, 26 Am. Rep. 315; Pollard v. Allen, 171 S. W. 538.

It is stated in Cyc. vol. 7, pp. 847, 848, that while some courts hold that a demand is necessary to start the running of the statute of limitation against a demand obligation, or at least that the payee must have a reasonable time to make demand before the statute becomes operative, most of the courts have held that paper payable on demand is due immediately, and the statute of limitation begins to run from the date of the paper.

[2] We think it clear that upon the allegations of the petition and the undisputed evidence no such trust relation was shown as would prevent the running of the statute of limitation. Tinnen v. Mebane, 10 Tex. 246, 60 Am. Dec. 205; Pollard v. Allen, 171 S. W. 530; Richardson v. Whitaker (Ky.) 45 S. W. 774.

[3] For obvious reasons, the general rule that limitation runs against a demand obliga-

tion from its date does not apply to bank deposits.

In 3 Ruling Case Law, 375, the author notes the "distinction between doing a banking business and performance of isolated acts of which the business consists." The distinction is more fully set out on page 569:

"The statement frequently made that the relation between depositor and banker is merely that of debtor and creditor does not mean that a bank, like a common debtor, must look up its creditor and pay him whenever and wherever found. To the contrary, it pays only over its own counter. The deposit not being due till demand is made, it is the demand and refusal to pay that sets the statute running."

There is the same distinction between banks and individuals as to certificates of deposit. 3 Ruling Case Law, 582.

The facts in this case being undisputed, and the law applicable thereto requiring a judgment in favor of plaintiff in error, the judgment of the court below is reversed, and judgment here rendered in favor of plaintiff in error.

Reversed and rendered.