## WADE v. SHEEHAN. (No. 1159.)

(Court of Civil Appeals of Texas. El Paso. Dec. 16, 1920.)

1. Limitation of actions ⬳148(1)—Subsequent "acknowledgment of indebtedness" must express willingness to pay.

An acknowledgment of indebtedness sufficient to remove the bar of the statute of limitations under Rev. St. art. 5705, must acknowledge the existence of liability at the time of the acknowledgment and express a willingness to pay; it being insufficient that it acknowledges the justice of the original claim.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acknowledge; Acknowledgment.]

2. Limitation of actions ⬳148(4)—Subsequent letter held not sufficient to take claim out of statute.

In an action to recover an attorney's fee barred by the two-year statute of limitation, a letter written by the client to the attorney admitting that he owed the attorney something, but objecting to the amount of the claim and requesting a reduction, is not a sufficient acknowledgment of liability to remove the bar of the statute.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Suit by E. C. Wade, Jr., against J. P. Sheehan to recover an attorney's fee. Judgment for defendant, and plaintiff appeals. Affirmed.

Moore & Smith, of El Paso, for appellant. Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

HIGGINS, J. The appellant, Wade, brought this suit against the appellee, Sheehan, to recover the sum of $500 as an attorney's fee for services rendered. In bar of a recovery the defendant pleaded the two-year statute of limitation. The plaintiff relied upon a letter written by the defendant as taking the case out of the statute. The material facts as found by the trial court are as follows:

Sheehan employed the appellant as an attorney to represent him in some litigation; there being no express agreement concerning the compensation to be paid. The plaintiff rendered the services in accordance with the contract and the reasonable value of his services exceeded the sum of $500. The services were rendered prior to June 29, 1917. On February 26, 1920, the appellant wrote Sheehan inclosing a bill for $250 covering his fee stating that it was a voluntary reduction of $250 from the bill originally rendered and asked a remittance to cover. On March 4, 1920, the appellee wrote Mr. Wade, acknowledging receipt of the bill and expressing dissatisfaction with Mr. Wade over some matters between them which it is not necessary to detail. The letter concluded as follows:

"I owe you something. I admit that, but I do not feel very kindly disposed towards your treatment of me, and I think that $250.00 is exorbitant, and I base that assertion on what I have been charged by other attorneys in this city for services under the same line that you rendered me. I should like to have you advise me of a reduction of about $200.00 more in the bill that you have presented me."

The trial court held that the claim was barred by limitation, and rendered judgment for the defendant, and the plaintiff appeals.

Opinion.

The appellant refers to some decisions in other states which seem to support his contention that the defendant's letter was sufficient to constitute a renewal of the debt and remove the case from the operation of the statute of limitation.

[1] It would be profitless to examine these authorities, for our own decisions are clear and rule the question. Article 5705, R. S., was construed at an early date. In Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661, the court quoted with approval the doctrine announced in Story on Contracts as follows:

"The operation of the statute may also be frustrated by an acknowledgment of the existence of the debt, or by a new promise to pay it. * * * If there be no express promise to pay, a promise may be raised by implication of law from the acknowledgment of the party. But such an acknowledgment must contain an unqualified admission of the debt, and a willingness to pay it. An acknowledgment of the original justice of the claim is not sufficient to take the case out of the statute, unless accompanied with an admission of the party's present liability. If the acknowledgment is conditional, the remedy only revives on the performance of the condition."

Justice Lipscomb announced his construction of the statute in this language:

"There must be an acknowledgment of the debt existing and an expression of a willingness to pay it; both must concur; an acknowledgment of the debt is not sufficient; but there must be an expression of a willingness to pay."

In the later case of Webber v. Cochrane, 4 Tex. 31, it was said that the rule laid down in Coles v. Kelsey was in substantial accord with the later authorities, and, construing the statute further, it was said:

"The bar interposed by the statute, it is held now, can be repelled only by an express promise, which must be proved in a clear and explicit manner, and be, in its terms, unequivocal and determinate. And if there be no express promise, but one is to be raised by implication of law from the acknowledgment of the party, such acknowledgment should contain an unqualified and direct admission of a previous

subsisting debt which the party is liable and willing to pay; or the acknowledgment must be coupled with such circumstances as irresistibly imply a promise to pay, and unaccompanied by any 'expression declarative, or qualification indicative, of a contrary intention.' 1 Pet. R., 362; 2 Bailey R. 280; 1 Hard. R. 300. * * *

"The phrase 'acknowledgment of the justice of the claim' as used in the statute, imports an admission at the time, that the claim is a subsisting debt; and, if unaccompanied by any circumstances repelling the presumption of the party's willingness or intention to pay, his liability and consequent promise are necessary legal inferences from the facts of the case."

The rules announced in the cases cited have been uniformly followed.

[2] The letter relied upon by appellant does not unqualifiedly acknowledge the justice of the debt claimed by the plaintiff and upon its face shows an unwillingness to pay same. It is clearly insufficient to take the debt out of the operation of the statute of limitation. McDonald v. Grey, 29 Tex. 80; Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Reynolds Iron Works v. Mitchell, 27 S. W. 511.

The case of Henry v. Roe, 83 Tex. 446, 18 S. W. 806, does not support the plaintiff's contention. One letter in that case, in an unqualified manner, acknowledged the existence and justice of the debt and promised to pay it.

The court below properly held that the plaintiff's debt was barred by the statute.

Affirmed.